## SUPREME COURT.

### MILLS AND OTHERS agt. CORBETT.

Any *process* may be considered "*issued*" if made out and placed in the hands of a person *authorized to serve it*, and with a *bona fide* intent to have it served.

The word "issued," in section 227 of the Code, should not be construed to mean the same as "delivered to the sheriff," in section 99.

Therefore, where a *summons and attachment* were made out together, and the attachment was delivered to the sheriff for service, and the attorney undertook to make service of the summons, but was not able to find the defendant, before the attachment had been executed, *Held*, that the attorney had the same right to make service of the summons as the sheriff would have had if delivered to him; and a motion to set aside the attachment for irregularity, on the ground of the omission to deliver to the sheriff, the summons with the attachment, was denied.

*Erie Special Term, June,* 1853. *Motion to set aside attachment for irregularity.* The irregularity upon which the defendant relied, to sustain the motion, consisted in the omission of the plaintiffs to deliver to the sheriff, at the time of issuing the attachment, a summons against the defendant. The facts in the case appear sufficiently, in the opinion of the court.

W. ROBERTSON, *for Plaintiffs.*
METZ & CLARK, *for Defendant.*

HARRIS, Justice.—An action can only be commenced by the service of a summons; such service can only be made in the

manner prescribed in the 134th and 135th sections of the Code. In reference, however, to the statute of limitations, it is provided that the delivery of a summons to the sheriff, with the intent that it shall be actually served, shall be deemed equivalent to the commencement of the action. The 99th section, in which this provision is found, expressly limits its operation to the title relating to the time of commencing civil actions.

But it is provided by the 227th section, that the plaintiff may, at the time of *issuing* the summons, and, of course, before the action has been commenced by its service, have the property of the defendant attached, in the cases therein specified. The attachment may be served when the summons is *issued.* In this case, no summons had been delivered to the sheriff, and for this reason, it is contended that the attachment was unauthorized. It appears from the affidavit of the plaintiffs' attorney, that before he obtained the warrant of attachment, he had made out a summons, and had himself sought to make service thereof, upon the defendant. The question presented for adjudication, therefore, is, whether within the meaning of the term, as used in the 227th section of the Code, the summons was " *issued.*"

Had it been intended that the summons should be delivered to the sheriff, in order to warrant the attachment of the defendant's property, under the provisions of the 227th section, it may well be supposed that the same terms would have been employed to express such intention, as are used in the 99th section. There, it is provided that for the purposes specified, the summons must be *delivered to the sheriff*, while, to justify an attachment, it is declared to be enough that the summons is " issued." Now, as the summons may be served by another person as well as the sheriff, I do not feel authorized to construe the word " issued," as used in the 227th section as meaning the same thing as " delivered to the sheriff," in the 99th section. I think it is enough that the summons is made out and is ready for service. There can be no reason why, in an action in which an attachment is to be served, the summons should be placed in the hands of the sheriff, any more

than in any other action. There is nothing in the language of the 227th section which indicates any such intention. I think any process may be said to be *issued*, when it is made out and placed in the hands of a person authorized to serve it, and with a *bona fide* intent to have it served, if practicable. If so, the summons in this case was "issued." The attorney having made it out and subscribed it, went with it in search of the defendant, for the purpose of making service. He had the same authority to serve it as the sheriff would have had, if it had been delivered to him.

The motion must be denied, but as the question is new, it should be without costs.