## SUPREME COURT.

MARIA L. COON agt. WILLIAM D. KNAPP.

Section 121, of the Code, allows the court to continue the action, *on motion*, at any time *within* a year after the death of a party ; and *after* the year, it allows a continuance on a *supplemental complaint*.

This section is a limitation upon the powers of the court—the *motion* to continue *must* be made within the year. (*To the same effect, see the decision in Greene* agt. *Bates*, 7 *How. Pr. R.* 296.)

Section 174, of the Code, allows the court in its discretion to permit certain things to be done after the time limited by this act; but it would not do to apply that section to section 121, for it would utterly nullify the provisions of the latter section.

*General Term, July*, 1856.

SHANKLAND, GRAY, BALCOM and MASON, Justices.

AFTER a judgment was rendered in this cause against the defendant, and after the defendant had appealed from such judgment to the general term, and while such appeal was pending, the defendant died. After a year and three months from the death of the defendant, the administrators of the defendant make this motion to be substituted as defendants upon the record. In the meantime the appeal has been argued and decided, and the judgment was affirmed. The judgment in the action was rendered April 24, 1854. In May, 1854, the defendant appealed to the general term. Defendant died December 25th, 1854. His cause was decided on appeal, May term, 1855, and the administrators who moved to be substituted, were appointed January 8, 1855, and this motion for substitution was made at the last May term.

J. W. GLOVER, *for motion.*

J. B. ELDRIDGE, *opposed.*

By the court—MASON, Justice. This motion is founded upon § 121 of the Code, which provides that, "No action shall

abate by the death, marriage, or other disability of a party, or by the transfer of any interest therein, if the cause of action continue or survives." In case of death, marriage, or other disability of a party, the court, on motion, at any time within one year thereafter, or afterwards, on a supplemental complaint, may allow the action to be continued by or against the representative, or successor in interest. (*Code*, § 121.) This section is too plain to admit of doubt in its construction. It allows the court to continue the action on motion at any time within a year after the death of a party, and after the year it allows a continuance on a supplemental complaint.

When the legislature say the court may allow the action to be continued, on motion, at any time within a year after the death of a party, or after that time on a supplemental complaint, it is equivalent to saying they shall not allow it to be continued on motion after a year, but may on supplemental complaint. The statute is a limitation upon the power of the court. It is too plain for discussion, when it is said by the legislature that the courts may allow the suit to be continued at any time within a year by motion, and afterward by supplemental complaint, that they intended to limit the right of renewal by motion to the year after the death of the party.

I held, in the case of *Greene* agt. *Bates*, (7 *How. Pr. R.* 296,) that the court could not continue the suit by motion after the year had gone by. That case was decided in 1852, and reported, and has never been questioned by the courts or commentators upon our present system of practice. The elementary writers have all approved of this decision, and put the same construction upon the section. (*Van Sandtvoord's Plead.* 380–383; *Whittaker's Pr.* 544, 2d ed.; *Voorhies' Code*, 115, note (*d*) 4*th ed.*) Whittaker says, after citing § 121, it will of course be observed that a premium is here given to diligence, and that if the party move at once in the matter his course is easier and simpler than that which he will be obliged to pursue in case he delay his application for more than one year after the suit has abated, for in the latter case a supplemental complaint must be filed. (1 *Whit. Pr.* 544.)

Coon agt. Knapp.

Monell, in his book of practice, says, this motion must be made within one year after the happening of the event, and cannot be made afterwards. (*Monell's Pr.* 23, 24.) Section 174, of the Code, has no application to motions under § 121. It will not do to read that section as controling § 121. Section 174 allows the court, in its discretion, to permit certain things to be done after the time limited by this act. It will not do, however, to apply this section to § 121, for it would utterly nullify this provision of § 121 upon which we have been commenting; for if we construe § 121 to limit the court to one year in granting the relief sought in this case by motion, and then say that § 174 allows the court to grant it at any time after that in its discretion, it deprives § 121 of all its force and effect; for the court never grants such motions within a year, except in its discretion.

But again : if it be admitted that § 174 allows the court, in its discretion, to grant this motion after the year has elapsed, I do not see how we can grant the motion in this case on the papers before us, for the reason that no excuse is shown or attempted in the papers before us for not making the motion within the year. The granting of this motion on the papers before us would be depriving § 121 of all effect whatever, as a limitation upon time in granting these motions. It is no answer to say, the Code gives the parties two years in which to appeal from the judgment. This section certainly does not mean to embrace those cases which are not in a condition to be appealed, and certainly not a case which has gone into judgment, been appealed to general term and affirmed, and where the party died, and there is no party defendant to the action which has any rights to assert.

The motion should be denied.