SUPREME COURT.

MARY ALSINA GORDON, by her next friend, agt. JULIA STERLING and others.

In an action for *partition*, the court at the trial, allowed the *complaint* to be *amended* so as to conform to the facts proved, by showing that a *contract of purchase*, for a lot of land, by the intestate, had been consummated and executed by his administrators for and in the names of the heirs at law.

Where one of several defendants, in partition, dies pending the action, all that is necessary to put the case in a position to proceed is to obtain, within a year, an order, under § 121 of the Code, that the action be continued against those who have succeeded to the interest of the deceased party. It is usual to give *notice* of such application : but where the surviving defendants have no interest in the question, and would have no right to resist a motion for a supplemental complaint, notice is unnecessary.

Where such application is made within a year after the death of the party, a *supplemental complaint* is unnecessary. (*See to the same effect Coon* agt. *Knapp, ante p.* 175.)

But where a *supplemental complaint* and an *amendment* of the original are obtained in such case, which does not change the material facts in the original, and the amendments are immaterial; a party who has not been served with notice of such application, but whose interests are protected by the judgment in partition, cannot be permitted to interfere to set aside the judgment, on the ground of a want of such notice.

*Albany Special Term, Aug.,* 1856.

MOTION to set aside judgment, &c., for irregularity.

The action was brought for partition of lands. The complaint alleges that Henry Sterling died, in March, 1851, seized of a valuable farm, containing in all about two hundred and forty-two acres, and leaving, him surviving, his widow, Julia Sterling and four children, who were his heirs at law; that the plaintiff, as one of his heirs at law, claimed to be entitled to

one undivided fourth part of the land, and the defendants Wil-liam H. Sterling and Charles E. Sterling, two of the children of the decedent, were each entitled to another undivided fourth part.

It was stated that Catharine Wiley, the other child and heir at law, had conveyed her undivided fourth part to Richard S. Warner and Phœnic C. Gordon, the administrators of Henry Sterling, deceased, who were also made defendants; and that the defendant Julia Gordon was entitled to dower in the prem-ises, which had not been admeasured or set apart.

The defendants Richard S. Warner and Phœnic C. Gordon put in an answer, in which they denied that Henry Sterling, deceased, was seized, in his lifetime, of one parcel of land de-scribed in the complaint, containing sixteen acres, and known as the Kling lot. , They also allege that they were the owners of the undivided fourth part of the farm conveyed to them by Catharine Wiley, in their own right, and not as administrators .of Henry Sterling, deceased.

The defendants William H. Sterling and Charles E. Sterling, by their guardian, pùt in an answer, substantially, to the same effect. Mrs. Sterling, the widow, also answered, denying that her husband, in his lifetime, was seized of the Kling lot.

After the cause was thus put at issue by the answers of all the defendants, Phœnic C. Gordon, one of the defendants, died, intestate, and leaving a widow and seven children, him sur-viving.

On the 30th of August, 1854, the plaintiff, upon notice to all the defendants, except Julia Sterling, obtained an order grant-ing leave to continue the action against the widow and heirs at law of Phœnic C. Gordon, deceased, by supplemental com-plaint; and also amending the complaint by striking out the words "administrators of Henry Sterling, deceased." In No-vember following, a motion was made, in behalf of Mrs. Ster-ling, to set aside the order of the 30th of August, on the ground that it had been obtained without notice to her, which motion was granted.

The children of Phœnic C. Gordon, who were all infants,

appeared by their guardian, and the cause was noticed for trial at the Schoharie circuit in June, 1856. When the cause was moved for trial, the counsel for Mrs. Sterling objected to the trial on the ground that the order of the 30th of August had been set aside as against her, but the court allowed the trial to proceed. After hearing the proofs in the case, the court rendered judgment for partition of the premises described in the complaint, and appointed commissioners for that purpose, who have made actual partition between the several owners.

Upon the trial, it appeared that the Kling lot was held by Henry Sterling, at the time of his death, under a contract, and that shortly after his death the defendants Richard S. Warner and Phœnic C. Gordon, who were his administrators, paid the purchase money and had the lot conveyed to the heirs at law of Henry Sterling. The court at the trial allowed the complaint to be amended in this respect, so as to make it conform to the facts proved.

The defendant Julia Sterling moved to set aside the judgment and subsequent proceedings, *as against her*, for irregularity, which irregularity, it was alleged, consisted in proceeding in the cause upon the amended complaint after the same had been set aside.

J. H. SALISBURY, *for plaintiff.*
DEWITT C. BATES, *for defendant Julia Sterling.*

HARRIS, Justice. The proceedings of the plaintiff previous to the trial had not been strictly regular. Upon the death of Phœnic C. Gordon, all that was necessary, in order to put the case in a condition to proceed, was to obtain an order, under the provisions of the 121st section of the Code, that the action be continued against those who had succeeded to the interest of the deceased party. It is usual to give notice of such an application; but in a case like this, where one of the surviving defendants has no interest in the question, and would have no right to resist the motion, I think notice is unnecessary. The application being made within a year after the death of the

party, a supplemental complaint was unnecessary. The supplemental complaint, in this case, did not, in any respect, change the facts as they had been presented in the original complaint. Mrs. Sterling was in no way affected by it, and had the order of the 30th of August gone no further than to authorize the suit to be continued by a supplemental complaint, she ought not to have been heard to complain of the want of notice.

But by the order of the 30th of August the complaint was also amended by striking out the words " administrators of Henry Sterling, deceased." Of such an application all the defendants who had appeared were entitled to have notice. In this case the amendment was wholly unnecessary. It had been stated in the complaint that the title of Catharine Wiley, one of the children of Henry Sterling, deceased, had become vested in the defendants Richard S. Warner and Phœnic C. Gordon. This was true. It was added that they were administrators of the estate of Henry Sterling, deceased. This was also true; but the fact was quite immaterial. The rights of the parties, so far as this suit, at least, is concerned, would in no way be affected by this allegation. The words sought to be stricken out by this amendment might just as well have been left to stand in the complaint, and so the plaintiff's counsel seems, at length, to have concluded; for after the order of the 30th of August, so far as it affected Mrs. Sterling, had been set aside, he proceeded, as I think he had a right to do, to try the action without the amendment.

Technically, it may be, there was still an irregularity in the proceeding, arising from the fact that the amendment of the complaint authorized by the order of the 30th of August, while it had been set aside as far as it concerned Mrs. Sterling, was still in existence as to the other defendants. But the amendment being, as we have seen, in respect to a matter wholly immaterial, it ought not now to be allowed to affect the validity of the proceedings.

But a conclusive answer to this application is, that Mrs. Sterling is meddling with that which in no way concerns her. She

was a proper, though not a necessary party to the suit. Had the lands in question been sold, her right of dower might have been extinguished; but as actual partition has been made, her interest is in no way affected by the judgment. She is now, as she was before the suit was brought, entitled to dower in the whole estate. (*See Tanner* agt. *Niles*, 1 *Barb.* 560.) Why, then, should she be permitted to interfere with a judgment which cannot affect her rights?

The motion should be denied, with costs.