## ALLEN *a.* WALTER.

*New York Common Pleas; General Term, May,* 1860.

### ABATEMENT.—CONTINUANCE.

Upon the death of a defendant, it is not absolutely necessary that the application for a continuance be made within a year ; but the court may order a continuance, if within the year, upon a simple motion,—if after the year has elapsed, then on a supplemental complaint.＊

---

＊ Section 121 of the Code provides that no action is to abate by death, &c., of a party, or by transfer of interest, if the cause of action survive. In case of death, &c., the court, on motion, within one year, or afterwards on supplemental complaint, may allow the action to be continued against the representative or successor in interest. In case of other transfer of interest, the action shall be continued in the name of the original party, or the court may allow the transferee to be substituted.

This section was enacted in 1848, except the clause, " or afterwards on supplemental complaint," which was inserted in 1849.

The following are the cases on this subject under the Code :

1. *In what case a continuance will be ordered.*

On a motion for leave to continue, if the *pleadings* show a cause of action which survives, the court will not hear *affidavits* to show the contrary,—*e. g.*, that the plaintiff had assigned the claim before the commencement of the suit. (Wing *a.* Ketcham, 3 *How. Pr. R.*, 385 ; S. C., 2 *Code R.*, 7.)

An action brought against a sole defendant to recover the possession of land, may, after the death of the defendant intestate, be continued against his heirs at law, claiming to have succeeded to his legal rights and to own the land. And it is not necessary that the heirs should be shown to be in possession of the premises in suit. (*Supreme Ct., III. Dist., Sp. T.*, 1850, Waldorph *a.* Bortle, 4 *How. Pr. R.*, 358.)

The death of a sole defendant in an action for the recovery of possession of land, abates the action ; which cannot be continued against his representatives, on application of the plaintiff, by order under section 121 of the Code. The

Allen *a.* Walter.

Appeal from an order of the special term granting leave to continue an action.

BY THE COURT.—BRADY, J.—This action is in form an action at law. It is brought to recover damages for the breach of a

cause of action in such a suit involves two ideas,—the right of the plaintiff to the land claimed, and the occupancy thereof or claim of ownership therein by defendant. The right of the plaintiff continues notwithstanding defendant's death, but the occupancy or ownership of defendant does not. The cause of action therefore does not continue ; but a new cause of action arises against the new occupant of the premises. (*Supreme Ct.*, *IV. Dist.*, *Gen. T.*, 1852, Putnam *a.* Van Buren, 7 *How. Pr. R.*, 31 ; approved and followed in Moseley *a.* The Albany Northern Railroad Company, 14 *Ib.*, 71.)

Where a defendant in an action for lands transfers his possession *pendente lite* to a third person, the suit may be continued against the original defendant without notice to the grantee ; and upon the judgment and writ of possession, such grantee may be dispossessed. Such an action, founded in tort—*e. g.*, for an entry into the lands of another, and unlawfully withholding possession from him, or for trespass in cutting timber by a tenant at will, or for years, or for waste, committed by a tenant for life or for years—is personal to the tort feasor ; it dies with his person, and cannot at common law be continued against his grantee. Such a cause of action cannot be deemed to "survive or continue" against the grantee, and a motion to make such a grantee a party defendant should be denied. His assuming and withholding possession constitutes a new cause of action against him. (Mosely *a.* The Northern Railroad Company, 14 *How. Pr. R.*, 71.)

In an action for slander, after verdict and judgment for plaintiff, and pending an appeal, if the defendant dies, a motion to continue the action in the name of his personal representatives is not necessary, so far as the pending appeal is concerned. But the representatives may wish to appeal from the decision at the general term ; and to do this, they must first become parties to the action ; and it is more *orderly* for such parties, before appealing, to have an order under section 121, allowing the action to be continued in their name. (Miller *a.* Gunn, 7 *How. Pr. R.*, 159.)

Where, in an action against a non-resident defendant, the summons is served by publication under an order of the judge, the suit is not commenced until the expiration of the time prescribed for publication ; so that if the defendant die before the expiration of such time, no action is pending that can be revived against his representatives. (McEwen *a.* Public Administrator, 3 *Code R.*, 139 ; S. P. approved, Moore *a.* Thayer, 10 *Barb.*, 258.)

The Code of Procedure provides (§ 139), that from the time of the allowance of a provisional remedy in a civil action, the court shall be deemed to have acquired jurisdiction and to have control of all subsequent proceedings. And though the time for service by publication has not expired, the granting an order of attachment gives the court sufficient jurisdiction, the defendant having died since the order was made, to substitute the personal representative of the deceased in his place as a party defendant. (Moore *a.* Thayer, 10 *Barb.*, 258 ; S. C., 6 *How. Pr. R.*, 47 ; 3 *Code R.*, 176.)

In an action against maker and indorser, the plaintiffs (a bank) entered judg-

Allen *a.* Walter.

contract made between the parties. The defendant died pending the suit, and before verdict or interlocutory judgment. Prior to the Code the action would have abated upon the death of the defendant, and it could not be continued against his per-

---

ment against the maker, before the indorser was served. A receiver of plaintiff's was subsequently appointed ; after which the indorser was served with the summons. A motion was then made to substitute the receiver as plaintiff, instead of the bank. *Held*, that the motion could not be granted. At the time of the appointment of the receiver, there was no action pending, judgment having been perfected against the maker, and the indorser having then not been served. (East River Bank *a.* Cutting, 1 *Bosw.*, 637.)

2. *Mode of obtaining continuance.*

Under section 121 of the Code, the court has no discretion to continue an action. *upon motion* after the year has elapsed. After that time, the continuance must be by supplemental complaint. (7 *How. Pr. R.*, 296 ; Coon *a.* Knapp, 13 *How. Pr. R.*, 175 ; and see Johnson *a.* Williams, 2 *Abbotts' Pr. R.*, 229.)

Leave of the court to continue an action under section 121 of the Code, is equally necessary whether the continuance is sought before or after the expiration of the year. (Johnson *a.* Williams, 2 *Abbotts' Pr. R.*, 229.)

The Code of Procedure being silent as to the practice to be pursued when the representative of a deceased party applies on a supplemental complaint for the continuance of the action, the former practice in chancery must be regarded as furnishing the mode of proceeding. And where the plaintiff is dead, the defendant cannot move to dismiss for want of prosecution. (1 *Barb. Ch. Pr.*, 244.) The proper practice is to grant an order that the representatives of plaintiff file a supplemental complaint in a stated time, or that the complaint be dismissed. (18 *Ves.*, 424 ; 4 *Mod.*, 171 ; 5 *Ib.*, 80 ; 1 *Hopk.*, 450 ; *Whitt. Pr. R.*, 298, 300 ; Greene *a.* Bates, 7 *How. Pr. R.*, 296 ; compare Harrington *a.* Becker, 2 *Barb.*, 75 ; Williamson *a.* Moore, 5 *Sandf.*, 647.)

The representatives of a deceased plaintiff have not a right of election whether the suit shall be continued or be dismissed. Section 121 of the Code of Procedure, like the provisions of 2 Revised Statutes, 184,—relative to the abatement of suits in equity,—gives to defendant, in general, a right to have the suit continued in the name of the representative. (4 *How. Pr. R.*, 358 ; Ridgeway *a.* Bulkeley, 7 *Ib.*, 269.) But *it seems*, that upon the death of a sole defendant in an action to recover possession of lands, if defendant's heirs be infants and out of possession, they cannot be substituted on the mere motion of the plaintiff, and without their having opportunity to elect either to be made parties or to abandon. (Putnam *a.* Van Buren, 7 *How. Pr. R.*, 31.)

Representatives of a sole defendant deceased, cannot, under section 121, compel the plaintiff to continue the action against his will. (Keene *a.* La Farge, 1 *Bosw.*, 671 ; and see Chapman *a.* Foster, 15 *How. Pr. R.*, 241 ; Souillard *a.* Dias, 9 *Paige*, 393 ; Hopkins *a.* Adams, 5 *Abbotts' Pr. R.*, 351.)

But in order to set the plaintiff in motion, the representatives of a deceased defendant may have an order that the complaint be dismissed with costs, unless the plaintiff, within a specified time, obtain leave, and file a supplemental complaint, and bring in such representatives. (Chapman *a.* Foster, 15 *How. Pr. R.*, 241.)

sonal representatives. (2 *Rev. Stat.*, 386; Keene *a.* Lafarge, 16 *How. Pr. R.*, 377.) If the action was one pending in equity, prior to the Code, such would not have been the rule. The court could have ordered the suit to stand revived against the representatives of the defendant, upon the petition of the complainant. No bill of revivor was necessary. (2 *Rev. Stat.*, 184, §§ 109–114; 1 *Hoffman's Ch. Pr.*, 370.) The provisions of section 121 of the Code, so far as relates to the motion within the year therein contemplated, are analogous to the rule in equity prior to the Code, at least in reference to a sole defendant. (See Moore *a.* Thayer, 10 *Barb.*, 259.) Where the motion is not made within the year, the relief desired may be had by supplemental complaint by the same section. This distinction in the mode of obtaining the relief is said to be a premium on diligence (1 *Whitt. Pr.*, 544); but I do not understand the judges to have so declared. The result of an examination of the cases adjudicating section 121 is, that the statute has limited the power of the court to permit the action to be continued on motion (Greene *a.* Bates, 7 *How. Pr. R.*, 296; Coon *a.* Knapp, 13 *Ib.*, 175; Gordon *a.* Sterling and others, *Ib.*, 405), unless made within a year after the death of the party; and if not made within that time, the continuance will only be permitted on a supplemental complaint. The office of a supplemental complaint, in a case like this, would be to state the death of the defendant, and the appointment of his personal representatives, in addition to the statement of the commencement of the action, and of the allegations in the complaint, and the proceed-

---

Where the cause of action is assigned pending the suit, it is discretionary with the court to permit the assignee to be substituted in the place of the original party, (Harris *a.* Bennett, 6 *How. Pr. R.*, 220; S. C., 1 *Code R.*, *N. S.*, 203; Sheldon *a.* Havens, 7 *How. Pr. R.*, 268; Murray *a.* General Mutual Insurance Company, 2 *Duer*, 607; Ford *a.* David, 1 *Bosw.*, 571.)

In general the substitution of the transferee of the claim in suit should not be ordered, where the object is to enable the original plaintiff to be examined as a witness. (Harris *a.* Bennett, 6 *How. Pr. R.*, 220; Murray *a.* General Mutual Insurance Company, 2 *Duer*, 607.)

He who applies to be substituted as plaintiff, on the ground of a transfer of interest to himself, must show a clear *prima-facie* case of succession to the plaintiff's title. And the court will not, on a motion of this kind, determine which of two persons is the legal successor to the title. (*Supreme Ct.*, 1854, St. John *a.* Covel, 10 *How. Pr. R.*, 253.)

ings had in the action. The supplemental complaint of section 121, so far as it affects this case, is the bill of revivor of the late Court of Chancery. (1 *Barb. Ch. Pr.*, 679 ; 2 *Ib.*, 59, 68 ; 1 *Hoff. Ch. Pr.*, 377.) A supplemental complaint was one which sets forth facts material to the case occurring after the commencement of the action, or at least unknown to the plaintiff or complainant when the action was commenced ; or to add parties, or remedy a defect in the prayer of the original bill. (1 *Hoff. Ch. Pr.*, 393 ; 1 *Smith's Ch. Pr.*, 525.) No new facts are necessary to the success of the plaintiff. The additional allegations are only necessary to continue an action already commenced. No new interests or rights have intervened, rendering what was called a bill of revivor and supplement, under the former system of equity practice, necessary. The action must be against the personal representatives. The personal estate must be exhausted before the heirs can be sued in respect of their shares of the real estate. (3 *Rev. Stat.*, 5th ed., 750 ; Mesereau *a.* Ryers, 3 *Comst.*, 261.) The omission of the plaintiff to present his claim to the representatives of the defendant, assuming that to have been necessary, which I do not believe, does not affect his right to proceed. It limits his recovery to the amount of personal property unadministered. (3 *Rev. Stat.*, 5th ed., 176, §§ 44, 45 ; Baggot *a.* Boulger, 3 *Duer*, 160.) Nor does the delay in proceeding with the action deprive him of his right to continue it. An application to the court by the representatives would have relieved them from the delay. (Greene *a.* Bates ; Keene *a.* Lafarge, *supra*.)

I do not agree, for these reasons, to the proposition that unless the application to continue is made within a year after the abatement of the suit, the abatement becomes absolute. I think section 121 was designed to embody the practice in equity, and to abolish bills of revivor, and bills of revivor and supplement in all cases to which its provisions apply, and to allow the continuance of such cases by simple motion if made within a year, or by a supplemental complaint after the expiration of that period. Such is the view taken of it generally, as stated by Judge Hilton, in his opinion delivered at the special term. I do not think either, that this is a case in which, as a matter of discretion, we should refuse to permit the action to be continued. As already shown, the representatives of the defendants have

been guilty of laches, and in that respect are in no better position than the plaintiffs. Whatever may be the view taken of section 121, where there has been any transfer of interest in any action, it is quite clear, to my mind, that in this case the motion to continue was properly granted, and that the order of the special term should be affirmed.

Ordered accordingly, with $10 costs.