MAURICE AUERBACH and others *vs.* MARY J. MAYNARD, Executrix.

## March 17, 1880.

**Jurisdiction—Death of Defendant pending Publication of Summons.**—On October 28, 1878, a summons was issued in this action, and delivered to the sheriff of the county where defendant M. last resided, with intent that it should be actually served. At the same time, a writ of attachment was allowed in the action, under which the sheriff seized M.'s property. M. being a non-resident of the state, publication of the summons was ordered, and was commenced on November 7, 1878, and continued for six weeks. Defendant died November 18, 1878. *Held,* that the service of the summons not being complete at the time of M.'s death, the court had no jurisdiction to proceed further in the action, and therefore no authority to order the action to be revived and continued against M.'s executrix. *An attempt* to commence an action, under Gen. St. 1878, c. 66, § 14, is equivalent to a commencement by service of summons, when the attempt is, within sixty days, followed by the first publication of a summons, which is published for six consecutive weeks, as provided in section 65 of the same chapter.

Appeal by plaintiffs from an order of the district court for Kandiyohi county, *Brown,* J., presiding, denying their motion to revive and continue the action against the executrix of George G. Maynard, (the person originally named as defendant,) and that she be made a party defendant.

*H. W. Brown* and *Young & Newel,* for appellants.

*A. K. Maynard, C. K. Davis,* and *Shaw & Levi,* for respondent.

BERRY, J. On October 28, 1878, a summons was issued in this action, and delivered (with intent that it should be actually served) to the sheriff of Kandiyohi county, where the defendant G. G. Maynard last resided. At the same time a writ of attachment was allowed, commanding said sheriff to attach said defendant's property. The sheriff seized property of the defendant under the writ, served notice upon the person in possession of the property, and still holds the same. Maynard being a non-resident of the state, and the sheriff returning that he could not find him in his county, publication of the summons was ordered, and was commenced on November 7, 1878, and continued for six weeks. Maynard died November 18, 1878. In this state of facts, the plaintiffs, in April, 1879, moved the district court for an order reviving and continuing this action against said decedent's executrix. The motion was denied, upon the ground of want of authority to grant it. From this denial plaintiffs appeal.

The statutory provisions bearing on the question involved are found in Gen. St. 1878, c. 66, §§ 13, 14, 64, 65 and 69. Section 13 reads that "an action is commenced as to each defendant when the summons is served on him, * * * and is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for an appeal has passed, and the judgment has been satisfied." By section 14, "An attempt to commence an action is deemed equivalent to the commencement thereof, within the meaning of this chapter, when the summons is delivered, with the intent that it shall be actually served, to the sheriff or other officer of the county in which the defendants or one of them usually or last resided; * * * but such an attempt shall be followed by the first publication of the summons, or the service thereof, within sixty days." Section 64 is that "when the defendant cannot be found within the state—of which the return of the sheriff of the county in which the action is brought, that the defendant cannot be found in the county, is *prima facie* evidence— * * * the service may be made

by publication of the summons, * * * when the defendant is not a resident of this state, but has property therein." Section 65 provides that "the publication shall be made * * * once in each week for six consecutive weeks; and the service of the summons shall be deemed complete at the expiration of the time prescribed for publication as aforesaid."

Section 69 is that "from the time of the service of the summons in a civil action, the court is deemed to have acquired jurisdiction, and to have control of all the subsequent proceedings."

These sections of the statute, being, in part at least, *in pari materia*, are so far to be construed together. Our construction of section 14 is that the attempt to commence an action there spoken of is equivalent to the commencement mentioned in section 13—that is, to a commencement by service of summons—when such attempt is, within 60 days, followed by the first publication of a summons which is published for six consecutive weeks, as provided in section 65. If it does not mean this, it can only mean that the action may be sufficiently commenced without the five publications other than the first, which is manifestly absurd. At the expiration of the six weeks' publication, and not before, the service is complete, as section 65 declares. Then, under section 69, from the time when the service is thus complete, "the court is deemed to have acquired jurisdiction, and to have control of all the subsequent proceedings." If the party upon whom the service is being made dies before it is complete— that is, before the required publications have been made— the service cannot be completed, there being no person in being upon whom to make it; and whatever has been done, short of complete service, is of no avail, and the court acquires no jurisdiction through it.

The application of these views to the facts of this case is that the service on G. G. Maynard was not complete at the time of his death, and that, therefore, the court had no jurisdiction to proceed further in the action, except, perhaps, to

direct the sheriff to abandon his levy, and hand the attached property over to the decedent's representatives.    It follows that the motion to revive and continue was properly denied, and the order of denial is accordingly affirmed.