## WHITE *v.* JOHNSON.

[40 Pac. 511.]

</center>

1. SPECIAL APPEARANCE — JURISDICTION.— A party may appear in a case for a particular purpose only,— may enter a special appearance, in other words, —without giving the court jurisdiction to render a personal judgment: *Kinkade* v. *Myers*, 17 Or. 470, cited and approved.

2. ATTACHMENT AS CONFERRING JURISDICTION TO SUBSTITUTE REPRESENTATIVES OF DECEASED PARTIES — CODE, § 62 — PERSONAL JUDGMENT.—Under section 62 of Hill's Code, the issuance of an attachment confers on the court from which it issued a jurisdiction sufficient to sustain an order

substituting a personal representative for a deceased party and continuing the action. The jurisdiction so acquired is a limited one, however, relating only to the property siezed and to such measures connected therewith as are necessary to enable the plaintiff's rights to be enforced. The power to render a personal judgment is conferred only by service of summons on the defendant individually.

3. PRACTICE IN BRINGING IN NEW PARTIES.— After an order has been made allowing additional persons to be made parties to a cause, the complaint should be amended by inserting appropriate allegations, the summons should be properly corrected, and the corrected summons and amended complaint should be served on the new parties, allowing them the statutory period for appearing.

4. PRACTICE IN BRINGING IN SUSBTITUTED PARTIES.— The approved method of bringing in substituted personal representatives of deceased parties, where such parties had not been served with summons, is to take an order continuing the case against those who have succeeded to the interest of the deceased party, and then file a supplemental complaint showing the facts, and issue an *alias* summons containing the title of the cause after substitution. The service of this summons with a copy of the corrected complaint will require the appearance of the substituted representatives.

5. SUFFICIENCY OF SUMMONS TO CONFER JURISDICTION OVER A SUBSTITUTED .PARTY — CODE, § 52.— Defendant having died after the issuance of the summons, but before the same was served on him, an order was made substituting his executrix, and continuing the action in her name; and thereafter the summons, entitled in the original action, and directed to deceased, was served on the executrix, together with a copy of the original complaint and of the order requiring her to appear and plead. *Held,* that under Hill's Code, § 52, providing that "the summons shall contain * * * the names of the parties to the action, and the title thereof," and shall be "directed to the defendant," such service gave the court no jurisdiction to render a judgment by default against the executrix in her representative capacity.

6. ATTACHMENT ISSUED BEFORE SUMMONS IS LODGED FOR SERVICE—CODE, § 144.— Under Hill's Code, § 144, providing that the plaintiff, at the time of issuing the summons, or any time afterwards, may have defendant's property attached, an attachment issued previous to the lodging of the summons for service is void.

7. JURISDICTION THROUGH VOID ATTACHMENT — SUBSTITUTION OF PERSONAL REPRESENTATIVES — CODE, § 62.— Under Hill's Code, § 62, providing that· the court shall have jurisdiction in all proceedings from the time the summons is served, "or the allowance of a provisional remedy," a void attachment gives the court no jurisdiction to make substitution and continue the action against the personal representative of a deceased defendant.

8. WHEN SUMMONS IS ISSUED.— A summons is "issued," within the meaning of section 144 of Hill's Code, when, but not until, it is signed by the plaintiff or his attorney, and deposited with the sheriff for service.

9. VERITY OF SHERIFF'S RETURN— PRESUMPTION.—The indorsement of a sheriff, showing the date of delivery of a summons to him, while unimpeached and not set aside by any adequate proceedings therefor, imports absolute verity.

APPEAL from Multnomah: E. D. SHATTUCK, Judge.

This is an action by Isam White to recover of A. H. Johnson upon two promissory notes. The complaint was filed April sixteenth, eighteen hundred and ninety-four, and on the same day a writ of attachment was issued, which, as shown by the return of the sheriff, was received and served by him on that day by attaching certain real estate, the property of A. H. Johnson, situate in Multnomah County, Oregon. A summons was also issued, and placed in the hands of the sheriff, who made the following indorsement thereon: "Received April seventeenth, eighteen hundred and ninety-four; Penumbra Kelly, by C. H. Chance, deputy. Recorded April seventeenth, eighteen hundred and ninety-four; Penumbra Kelly, sheriff, by P. A. Marquam, deputy." This summons was not served upon A. H. Johnson. On May twenty-ninth, eighteen hundred and ninety-four, plaintiff filed a motion for an order allowing the action to be continued against said Cordelia Johnson, executrix, based upon his affidavit, which, omitting formalities, is in substance as follows: "I, Isam White, being first duly sworn, do say that I am the plaintiff in the above entitled action; that on the sixteenth day of April, eighteen hundred and ninety-four, I commenced an action in the Circuit Court of the State of Oregon for Multnomah County against one A. H. Johnson, to recover of said A. H. Johnson a sum of money due me from said Johnson on certain promissory notes, which debt had not been secured by

mortgage or pledge of real or personal property, and on said day made and caused to be filed with the clerk of this court a complaint in writing and duly subscribed and verified; that immediately after said complaint was filed I caused a summons to be duly issued in said action, and the same, together with the copy of said complaint, to be placed in the hands of the sheriff of Multnomah County, Oregon, for service on the defendant, A. H. Johnson; that thereafter and on April sixteenth, eighteen hundred and ninety-four, I made in said action an affidavit for a writ of attachment in due form of law, and caused the same to be filed with the clerk of this court, and also made an undertaking for an attachment in due form of law, and caused the same to be filed with said clerk, and thereupon a writ of attachment was in said action duly issued by said clerk under the hand and the seal of said court, directed to the sheriff of Multhomah County, Oregon, and the same was placed in the hands of the sheriff for execution, and was on the sixteenth day of April, eighteen hundred and ninety-four, duly executed by said sheriff at three o'clock in the afternoon by attaching lot seven, etc., (here follows a description of the property attached, and the manner of serving the writ). I further say that thereafter on the —— day of April, eighteen hundred and ninety-four, the defendant, A. H. Johnson, died, leaving a will in which his widow Cordelia Johnson is named as executrix; that said will was thereafter admitted to probate by order of the County Court of the State of Oregon for Multnomah County, and said Cordelia Johnson was by said last mentioned court duly appointed the executrix of said estate, and has since qualified as such executrix, and is now acting as the executrix of the estate of said A. H. Johnson, deceased; that said action has not been dismissed, and no appearance has been entered herein by the defendant or by any one on

his behalf.  (Signed) Isam White." On May thirty-first
the court made an order allowing the motion, which,
omitting the recital of facts, is as follows: "It is therefore
considered, ordered, and adjudged that this action be and
the same is hereby continued against Cordelia Johnson as
the executrix of A. H. Johnson deceased; and it is further
considered, ordered, and adjudged that a copy of this
order and a copy of the complaint in this action be served
upon the defendant Cordelia Johnson, and that she have
ten days after such service is made within which to plead
to the complaint." This order was served upon Cordelia
Johnson on June second, eighteen hundred and ninety-
four, and filed on that day.  The original summons en-
titled "Isam White, plaintiff, *v.* A. H. Johnson, defend-
ant," directed "to A. H. Johnson, defendant," with proof
of service, was also filed on the same day.  The proof of
service was afterwards, on the twenty-seventh day of
June, eighteen hundred and ninety-four, by leave of the
court previously had and obtained, amended so as to read
as follows: "State of Oregon, County .of Multnomah, *ss.*
I, Penumbra Kelly, do hereby certify that on the second
day of June, eighteen hundred and ninety-four, I served
the within summons and the complaint in this action, and
the annexed order of the court, upon Cordelia Johnson,
the executrix of A. H. Johnson, deceased, by delivering a
true copy of the summons certified to by me as sheriff,
together with a copy of said order certified by Henry E.
Reed, clerk of the Circuit Court of the State of Oregon
for Multnomah County, and with a true copy of the com-
plaint certified by J. N. Teal one of the attorneys for
the plaintiff, to said Cordelia Johnson in person, at Port-
land, in Multnomah County, Oregon, on the second day
of June, eighteen hundred and ninety-four. P. Kelly,
sheriff of Multnomah County, by A. Salmon, deputy."

On June twelfth, eighteen hundred and ninety-four,

Cordelia Johnson as such executrix, filed the following motion: "Comes now Cordelia Johnson, as the executrix of the last will and testament of the defendant above named, by R. and E. B. Williams, appearing as her attorneys for the purpose of this motion only, and moves the court to set aside the service of summons in this action and the order of this court continuing this action against the said Cordelia Johnson as the executrix of A. H. Johnson, deceased, and directing a copy of said order, together with a copy of the complaint in this action, to be served upon the said Cordelia Johnson, and requiring her to plead to the complaint within ten days from the service of said order, for the reason that the service of summons is illegal, and that the court had no jurisdiction to make the said order." On June nineteenth, eighteen hundred and ninety-four, this motion was overruled by the court, and, the executrix refusing to appear or plead further in said action, a judgment was entered against her as executrix of the will of A. H. Johnson, deceased, on the twenty-seventh day of June, eighteen hundred and ninety-four, and the attached property ordered sold to satisfy the same. From this judgment Cordelia Johnson appeals, assigning the following grounds of error: *First,* the court erred in making and entering its order continuing the above entitled action against her as executrix of A. H. Johnson, deceased; *second,* the court erred in overruling her motion to set aside the service of the summons in said action, and the order of the court continuing the action against her as executrix, and directing a copy of the order, together with a copy of the complaint, to be served upon her, and requiring her to plead, upon the ground that the service of the summons was illegal, and the court was without jurisdiction to make the order; *third,* the court erred in entering default against her as such executrix; *fourth,* the court erred in

giving and entering judgment against her as such executrix and in favor of the said Isam White.

REVERSED.

For appellant there was a brief and an oral argument by *Messrs. Richard* and *Emmet B. Williams.*

For respondent there was a brief by *Messrs. Cox, Cotton, Teal and Minor,* and an oral argument by *Mr. Wirt Minor.*

Opinion by MR. JUSTICE WOLVERTON.

1. The judgment herein was given and entered against the defendant Cordelia Johnson as executrix of the last will and testament of A. H. Johnson, deceased, for want of an answer. Her appearance in the action was special only, and for the purpose of having the service of the summons upon her and the order continuing the action set aside and vacated. This she could do without giving the court jurisdiction to render a personal judgment againt her: *Kinkade* v. *Myers,* 17 Or. 470 (21 Pac. 557).

2. A judgment by default can be taken only when it appears that the defendant has been duly served with the summons, and has failed to answer the complaint: Section 249, Hill's Code. "Being duly served with summons implies that the defendant has been served with summons in the manner directed by law, in every particular, requiring him to appear in the court of the county where the judgment is taken": *Trullenger* v. *Todd,* 5 Or. 38. Has the defendant Cordelia Johnson, as such executrix, been duly served with the summons in the action so as to put her in default, she failing to appear generally or to plead to the complaint? In other words, was her substitution and the continuance of the action in her name by the court, and the subsequent service of the summons upon her, entitled in the original action, and directed to

A. H. Johnson, together with a copy of the complaint and a copy of the order of the court showing her substitution for the defendant, and requiring her to appear and answer or otherwise plead to the complaint, sufficient in law to require her to appear at the peril of suffering a judgment by default to be entered against her? It is contended by counsel for White that the court had jurisdiction to make the order of substitution, basing their contention upon section 62, Hill's Code, which provides that "From the time of the service of the summons, or the allowance of a provisional remedy, the court shall be deemed to have acquired jurisdiction, and to have control of all the subsequent proceedings," and claiming that the issuance of the attachment was an allowance of a provisional remedy, and warranted the court in assuming jurisdiction to make the order. Granting for the purpose of the examination of this question that the writ was duly and properly issued, such issuance cannot be so construed as to invest the court with power to control all the subsequent proceedings in the action, as in case of the service of a summons. The jurisdiction acquired by the allowance of a provisional remedy, such as the issuance of a writ of attachment, is limited and qualified, and in many respects conditional: *Kelly* v. *Countryman,* 15 Hun, 97; *Waffle* v. *Goble,* 53 Barb. 517; *McCarthy* v. *McCarthy,* 13 Hun, 579. The writ being process, the court may exercise control over it, and prevent its abuse and perversion for the purpose of oppression: *Morgan* v. *Avery,* 7 Barb. 659. The court may also, upon condition that the writ is served and property attached under it, direct the publication of a summons against a defendant who is a nonresident, or absent from the state, or in concealment to prevent a personal service: *Pennoyer* v. *Neff,* 95 U. S. 727. And a final subjection of the property attached to the payment of a demand is always dependent and condi-

27 OR — 37.

tional upon a valid judgment subsequently obtained upon the service of a summons upon the defendant, either personally or constructively, or upon his appearance in the action.

Under a statute in Minnesota (Gen. Stat. 1878, Chap. LXVI, § 69, now Gen. Stat. 1894, § 5209,) providing that "From the time of the service of a summons in a civil action the court is deemed to have acquired jurisdiction, and to have control of all the subsequent proceedings," it has been held that where the defendant dies after the publication of the summons in an action against him had been commenced, but before it had been published the full six weeks required by statute, the court had no jurisdiction to make an order of substitution continuing the action against his executrix: *Auerbach* v. *Maynard,* 26 Minn. 421 (4 N. W. 816). In that case BERRY, J., says: "Then, under section 69, (section 5209, Gen. Stat. 1894,) from the time when the service is thus complete, 'the court is deemed to have acquired jurisdiction, and to have control of all the subsequent proceedings.' If the party upon whom the service is being made dies before it is complete,—that is, before the required publications have been made,—the service cannot be completed, there being no person in being upon whom to make it; and whatever has been done, short of complete service, is of no avail, and the court acquires no jurisdiction through it." Thus it appears that the court is without power or authority to take any action looking to the rendition of a personal judgment merely without first obtaining jurisdiction through the service of a summons upon the defendant. *Aliter* from the time of the service of summons the court has control of all subsequent proceedings. The statute of Minnesota stops short of the provisions of section 62 under consideration, but the judicial interpretation thereof in *Auerbach* v. *Maynard,* 26 Minn. 421, (4

N. W. 816,) serves as a guide to the interpretation and construction of section 62 of our statutes to the extent that it is in harmony with the Minnesota statute. Our section 62 further provides that the court shall be deemed to have acquired jurisdiction, and shall have control of all subsequent proceedings, from the time of the allowance of a provisional remedy. The language employed in conferring jurisdiction is the same in either case, whether by the service of a summons or the allowance of a provisional remedy, but it is very evident that the powers acquired thereby are not the same, and hence not coequal nor coextensive. The purpose of a provisional remedy, as understood and employed by the Code, is to give the plaintiff temporary security pending the action, which must abide the determination thereof. An attachment in this state, as elsewhere, is regarded as a *quasi* proceeding *in rem,* and is known under the statute as a provisional remedy, the express purpose of which is to acquire a lien upon the property of the debtor, temporary in its nature, to await the final judgment of the court touching the action, in connection with which the proceeding is brought into requisition. The court is empowered, through the allowance of a provisional remedy, thereafter to take whatever action may seem necessary and proper looking to the acquirement, preservation, and perfection of the lien. The proceeding is simply auxiliary to the main case. The service of the summons confers jurisdiction of the person, and the allowance of the provisional remedy gives jurisdiction of the subject matter of the auxiliary proceedings, and each particular kind of jurisdiction confers upon the court its peculiar powers and none other. So it has been held that the court acquires by the allowance of a provisional remedy jurisdiction to make substitution, and to order the action continued in the name of the personal representatives of

a deceased party, upon the ground that such action of the court is necessary and proper to put the suit in such a condition that plaintiff can enforce his provisional lien: *Moore* v. *Thayer,* 10 Barb. 259.    And this is probably the correct doctrine.

3.    But a question of much greater complication is as to whether the defendant Cordelia Johnson has been properly served with a summons or with process of the court, so as to give it jurisdiction to render judgment against her by default; and herein is involved the proper practice of the court in making substitution, and bringing the substituted party before it.   The procedure for bringing in new parties after the court has made the order to that effect appears to be to amend the complaint by inserting therein such allegations as are necessary to make the persons omitted parties to the action, and to insert their names in the summons; and if they do not enter an appearance, to serve them with the amended summons and complaint, giving them the usual time allowed by statute to original parties in which to answer: Fitnam's Trial Procedure, § 351; *Penfield* v. *Wheeler,* 27 Minn. 358 (7 N. W. 364).

4.    Bringing in a new party is somewhat analogous to bringing a personal representative of a deceased party before the court where the deceased was not served with the summons in the action.    Section 38, Hill's Code, provides that "No action shall abate by the death, marriage, or other disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue.    In case of the death, marriage, or other disability of a party, the court may, at any time within one year thereafter, on motion, allow the action to be continued by or against his personal representative or successor in interest."    It has been held in New York and California, under statutes similar to this, that all that is necessary

to put the case in condition to proceed is to obtain an order, upon proper notice, directing that the action be continued against those who had succeeded to the interest of the deceased party: *Gordon* v. *Sterling,* 13 How. Pr. 405; *Coon* v. *Knapp,* 13 How. Pr. 175; *Allen* v. *Walter,* 10 Abb. Pr. 379; *Emeric* v. *Alvarado,* 64 Cal. 529 (2 Pac. 462); *Lyles* v. *Haskell,* 35 S. C. 391 (14 S. E. 832); *Judson* v. *Love,* 35 Cal. 469. But in none of these cases had the original defendant in the action died previous to a service of summons upon him or his appearance of record. The statute provides that the court may at any time within one year after the death of a party, on motion, allow the action to be continued against the personal representative, but no provision is made in a case of this kind as to the manner of bringing in the substituted party. The court could, therefore, adopt any reasonable procedure that might seem proper, but the service of a valid summons could not be dispensed with. Probably the better practice would have been for the lower court to have required the plaintiff to file a supplemental complaint in the action, showing the death of defendant and the appointment of the executrix, and thereupon to issue an *alias* summons containing the title of the action after substitution made, and have the same directed to the said Cordelia Johnson. A service of such a summons, together with a copy of the complaint, would undoubtedly suffice to require her appearance in default of which judgment might have been entered against her. Such a practice and procedure seems reasonable, and well calculated to effect the desired result in an orderly manner.

5. By the order of substitution in the case at bar the action was continued against Cordelia Johnson, the personal representative of the deceased defendant, upon whom the summons had not been served; so that, assuming that she had notice of the order of substitution, and

that the same was regularly entered, she would simply step into the shoes of A. H. Johnson, who had not had his day in court, and it was just as essential that she should have her day in court as that A. H. Johnston should have had his in the first instance. We take it, therefore, that before a valid judgment can be entered against her, whether as executrix, or to be of binding force and effect to the extent only of the property attached, she must be served with notice in the manner provided by law, as she refuses to voluntarily submit to the jurisdiction of the court. The statute has prescribed but one form of notice through which the court may acquire jurisdiction of the person, and that is by summons, which, although not process, has the force and efect thereof, and if not obeyed will put the party in default. Section 52, Hill's Code, provides that "The summons shall contain the name of the court in which the complaint is filed, the names of the parties to the action, and the title thereof. It shall be subscribed by the plaintiff or his attorney, and directed to the defendant, and shall require him to appear and answer the complaint, as in this section provided, or judgment for want thereof will be taken against him." These requirements are mandatory, and not directory merely: *Lyman* v. *Milton,* 44 Cal. 630. Section 55 provides that the service shall be by delivering a copy thereof, together with a copy of the complaint. Now, the summons served upon Cordelia Johnson in form filled the requirements of the statute, but Mrs. Johnson's name was not contained in the title, nor was it directed to her. So far as appears from the summons itself it contained nothing which could or would inform her that she must appear in obedience to its mandate. So with the copy of the complaint with which she was served, she is nowhere mentioned as a party litigant either in her individual or representative capacity. She

was informed by the order served with the summons and complaint that the action had been ordered continued against her as the executrix of A. H. Johnson, deceased; and she was advised thereby that she would have ten days after service within which to plead to the complaint. Is all this sufficient to put the administratrix in default after the lapse of ten days from service, and to invest the court with jurisdiction to enter judgment against her in her representative capacity? Can it be said that she was served with the summons in the action, substantially such as the law directs?

If A. H. Johnson had lived, and the court had simply made an order after the allowance of the writ that he have ten days after service of a copy of the order and complaint to plead thereto, and service had been made as required by the order, it must be conceded that the proceeding would not have been equivalent to the issuance and service of a proper summons upon him. A noncompliance with the order would not have put him in default. The order of the court in the present case, including its service with a copy of the complaint, could scarcely have a different or more vital effect, and the fact that she was served with a copy of the summons in which her name was nowhere mentioned could not add to the force of the proceeding. If Johnson had been served with the summons, and substitution made thereafter, the case would be different, as the representative, having due notice of the substitution, would take the case up at the point where and in the condition in which the predecessor left it. Judge Rumsey, in his work entitled Rumsey's Practice, (Vol. I, page 666,) says: "Where the action is revived, the issue and proceedings are taken up at the point where the death of the party as to whom the change is made left them; the new or substituted party takes the place of the prior one, and the case is revived and pro-

ceeds in all respects as if the new party had been in the case from the beginning." In *Reilly* v. *Hart,* 130 N. Y. 625, (29 N. E. 1099,) the court had under consideration a foreclosure proceeding wherein the plaintiff died pending the service of summons upon two of the defendants by publication, and before the expiration of six weeks publication thereof as required by statute. BRADLEY, J., speaking for the court, said: "* * * but it is not seen how four weeks publication of summons before the death, and the two weeks following, could be treated as an effectual service upon these nonresident defendants. During the latter period there was no plaintiff, and in practical effect no action, to support any proceedings within that time. The prior publication of the summons was then an unaccomplished attempt to serve it." Plaintiff's executrix was substituted, and it was held that what had been accomplished while there was a plaintiff remained effectual; and when substitution had been made, progress in the action could properly be made from the point in the proceedings where the suspension had left them, and the substitution had no effect other than to continue the cause in the name of the successor as such. Such being the law, and as no summons was served upon A. H. Johnson, we think that his personal representative, Mrs. Cordelia Johnson, should be served with a proper summons before she could be put in default; otherwise the taking of the property in the action or as a result of it would not be by due process of law.

6. This perhaps disposes of the questions which are properly here upon the motion to set aside the service of the summons upon Cordelia Johnson as the executrix of A. H. Johnson, deceased, and has the effect to vacate the judgment, including the order for the sale of attached property. All this is, however, amenable, providing the writ of attachment was properly issued; and as the case

would in all probability come here again for an adjudication upon the regularity and legality of the issuance of the writ, it is thought proper to indicate our opinion at this time upon the question suggested, and dispose of the case accordingly. The question is, was the writ of attachment properly issued ? and this depends upon whether a summons was issued at the time plaintiff had the property of A. H. Johnson attached. The statute (Hill's Code, § 144,) provides that "the plaintiff, at the time of issuing the summons, or any time afterwards, may have the property of the defendant attached, as security for the satisfaction of any judgment that may be recovered." Attachment proceedings are purely statutory, and were unknown at common law, and a strict compliance with the provisions of the statute is necessary to the acquirement of a valid attachment. Without a valid writ there can be no levy under it, hence no attachment. So it has been held, and statutes similar to the above have been so construed as to require the issuance of a summons in the action at the time of or prior to the issuance of the writ of attachment; otherwise the attachment is without validity or force: *Low* v. *Henry,* 9 Cal. 538, 552; *Mills* v. *Corbett,* 8 How. Pr. 500; *Kellar* v. *Stanley,* 86 Ky. 240 (5.S. W. 477).

7. The issuance of the writ being the allowance of a provisional remedy, unless properly and legally issued, the court acquired no jurisdiction to make the order of substitution requiring the cause to be continued in the name of Cordelia Johnson as executrix.

8. A summons may be said to have issued in an action commenced in the circuit or county courts of this state when it is made out and signed by the plaintiff or his attorney, and placed in the hands of the sheriff, with the intention that it be served upon the defendant. It is difficult to see how anything less than this would constitute an issuance of a summons. The statute requires

that the summons shall be served by the sheriff, and without a delivery to him for service such instrument is not yet endowed with vitality for any purpose: *Hekla Insurance Company* v. *Schroeder,* 9 Ill. App. 472; *Ross* v. *Luther,* 4 Cowp. 158, and *Mills* v. *Corbett,* 8 How. Pr. 500.

9.   The sheriff is required to indorse upon the summons the date of the delivery to him, and an important legislative purpose of this is to establish, fix, and preserve the date of its issue; so that other proceedings dependent upon the fact of its issuance should not be rendered precarious and uncertain, as would be the case if left to be established by proof *aliunde* the record. The indorsement being required by statute, it becomes an official duty which the officer must observe and perform; and when performed, the record thus made imports like verity with his returns of process and the like, if indeed it is not a part of the return required of him to be made. The record in the case at bar shows a variance as between the sheriff's indorsement showing the date of the delivery of the summons to him, and the affidavit of plaintiff as to the date of its issuance. The sheriff shows that it was delivered to him April seventeenth, eighteen hundred and ninety-four; and the affidavit of plaintiff by strong implication shows that it was delivered on the day previous. Evidently the affidavit was not intended to impeach the record of the sheriff, but its effect is to contradict it, to say the least. The court below made the order continuing the action in the name of the executrix upon the affidavit alone. The summons showing the date of the receipt was not before the court, as it had not been returned. Apparently the indorsement was not considered material either by the counsel or the court, but the view we take of the case renders it highly important. The question whether the court had the power to make the substitution hinges upon the further question as to

which of these records imports the truth as to the date of the issuance of the summons. As a general proposition, as against parties to the record or their privies, the sheriff's return imports absolute verity, and it cannot be impeached except by some direct attack (22 Am. and Eng. Ency. of Law, 193); but here no effort is made to get clear of or set aside the sheriff's indorsement, and treating it as of no vitality, the court is asked to disregard it, and proceed with the case as if none had been made. To thus treat it would be to say the indorsement was an absolute nullity for any purpose and in any proceeding, whether collateral or direct. We think that while the indorsement of the sheriff showing the date of a delivery of the summons to him stands unimpeached, and not set aside or otherwise vacated by any adequate proceeding for that purpose, it must be taken as true and to import absolute verity, as against an affidavit of the plaintiff in the action contradicting it in a subsequent proceeding in the same case to procure an order of substitution and continuance of the action in the name of the executrix. For these reasons, and looking to the record in the case made at the instance of the plaintiff and by the sheriff, an officer of the court, and in the line of his duties as prescribed by the statute, all which remain unassailed and unimpeached, we conclude that the summons had not issued at the time of the issuance of the writ of attachment, nor was it issued until the day subsequent to the issuance of the attachment. Therefore the allowance of the provisional remedy was without authority of law, and void, and it was error in the court below to grant the order allowing the action to be continued against Cordelia Johnson the executrix. The judgment of the court below is reversed, and the cause remanded for such other proceedings as may be deemed advisable, not inconsistent with this opinion.

REVERSED.

BEAN, C. J., expressed no opinion.