CONNAWAY v. OVERTON et al.

(Circuit Court, N. D. California. December 4, 1899.)

No. 12,581.

ABATEMENT—DEATH OF DEFENDANT BEFORE SERVICE OF PROCESS.

Under Code Civ. Proc. Cal. § 416, which provides that, from the time of the service of the summons in a civil action the court is deemed to have acquired jurisdiction of the parties, and to have control of all the subsequent proceedings, where a defendant dies after issuance of summons, but before its service, the court has acquired no jurisdiction, and cannot make an order substituting the executor of the deceased defendant, and awarding an alias summons against him.

On Motion to Set Aside Order of Substitution and Alias Summons.

J. T. Morgan and Curtis Hillyer, for plaintiff.

Jesse W. Lilienthal and Thomas Rutledge, for defendants.

MORROW, Circuit Judge. This is an action at law, brought by the receiver of the Moscow National Bank, of Moscow, Idaho, against the defendants herein, who are alleged to be the holders of 100 shares of capital stock of the said bank, of the par value of $100 per share. It is alleged that the comptroller of the currency of the United States made an assessment of $100 per share on all shares of the capital stock of the Moscow National Bank on June 14, 1897, for the purpose of paying its liabilities, and this assessment the stockholders were ordered to pay on or before July 14, 1897, due notice of which assessment and order was given to defendants; that defendants have become indebted to plaintiff in the sum of $10,000, with the interest thereon at 7 per cent. per annum, since June 14, 1897, and have paid no part of the same. Plaintiff prays for judgment accordingly.

This complaint was filed on March 28, 1898, and on the same day plaintiff filed a præcipe directed to the clerk of the court for a summons and two certified copies of summons directed to defendants in the cause, and for two certified copies of the complaint for service. The clerk thereupon issued the summons and the certified copies thereof, together with copies of the complaint, as requested. On April 5, 1898, the marshal returned the summons into the clerk's office, with the certificate that on the 30th day of March, 1898, he had served the defendant Hoffer, and that "he was unable to make personal service on the defendant O. P. Overton, as he was very sick, and he was not permitted to see any one, under instructions of his physician." No service of process was ever made upon the defendant O. P. Overton. On September 3, 1898, the default of C. A. Hoffer was entered. On March 15, 1899, a writ of scire facias was, on motion of plaintiff, issued out of this court to John P. Overton, executor of O. P. Overton, deceased, which writ was subsequently quashed. On June 6, 1899, plaintiff filed the suggestion that on the 13th day of April, 1898, defendant O. P. Overton died, and that since that time John P. Overton had been appointed and qualified as executor of his estate. On June 12, 1899, the court entered an order that John P. Overton, executor of the last will and testament of the defendant O. P. Overton, deceased, be substituted as a defendant in the place of said O. P. Overton, deceased, and that alias summons issue directed to said John P. Overton, as executor, etc., requiring him to appear and answer the complaint within the time allowed by law. An alias summons was thereupon issued to John P. Overton, executor, on July 14, 1899. This case now comes before the court upon the motion to set aside the attempted service of this alias summons on the order of the court substituting John P. Overton, as executor, as defendant in place of O. P. Overton, deceased, herein. John P. Overton appears specially for the purposes of this motion, and expressly protests that this court has not acquired jurisdiction over him.

Section 416 of the Code of Civil Procedure of California provides:

"From the time of the service of the summons and of a copy of the complaint in a civil action, where service of a copy of the complaint is required, or of the completion of the publication when service by publication is or-

dered, the court is deemed to have acquired jurisdiction of the parties, and to have control of all the subsequent proceedings. The voluntary appearance of a defendant is equivalent to personal service of the summons and copy of the complaint upon him."

In the case at bar the summons was not served upon the defendant O. P. Overton. Where the death of the defendant occurs before the service of the summons is completed, the court has acquired no jurisdiction, and the action abates, unless saved by the statute. 5 Enc. Pl. & Prac. 823. In the case of White v. Johnson, 27 Or. 282, 40 Pac. 511, the facts bear a close resemblance to those of the case at bar, in the matter of the service of the summons. Defendant had died after the issuance and prior to the service of summons upon him. His executrix was served with the summons, and judgment was rendered against her by default upon her refusal to appear, or plead thereto. In the course of the opinion in this case, Justice Wolverton quotes from the case of Auerbach v. Maynard, 26 Minn. 421, 4 N. W. 816, in which case it is said by Berry, J.:

"Then, under section 69, Gen. St. Minn. 1878 (section 5209, Gen. St. 1894), from the time when the service is thus complete 'the court is deemed to have acquired jurisdiction, and to have control of all subsequent proceedings.' If the party upon whom the service is being made dies before it is complete,—that is, before the required publications have been made,—the service cannot be completed, there being no person in being upon whom to make it; and whatever has been done short of complete service is of no avail, and the court acquires no jurisdiction through it." Whereupon the learned justice adds: "Thus it appears that the court is without power or authority to take any action looking to the rendition of a personal judgment merely, without first attaining jurisdiction through the service of a summons upon the defendant. Aliter, from the time of the service of the summons, the court has control of all subsequent proceedings."

The facts in the case at bar and the law stated in the section of the Code of Civil Procedure quoted above lead to the same conclusion as in the case cited. This court has acquired no jurisdiction in this case that will authorize it to proceed against the personal representative of the deceased. The service of the summons upon the defendant O. P. Overton was an essential preliminary to the proceedings necessary to acquire such jurisdiction. The order of substitution and the attempted service of the alias summons herein will therefore be set aside.