WILLIAM F. HUNT v. ELLA L. GRANT.[1]

August 1, 1902.

Nos. 13,022—(169).

### Action against Legatee.

In an action by a creditor of a testator against a legatee, no greater amount can be recovered than the legatee's proportionate share of the debt, as defined in G. S. 1894, § 5921.

Action in the district court for Rice county by plaintiff, as receiver of Allemannia Bank, insolvent, to recover from defendant, as distributee under the will of William H. Brown, deceased, the sum of $2,000, being the full statutory liability of deceased upon twenty shares of the insolvent bank of which he died the owner. The case was tried before Buckham, J., who found in favor of plaintiff for the sum demanded. From an order denying a motion for a new trial, defendant appealed. Reversed, and remanded with instructions.

*Batchelder & Batchelder*, for appellant.

*James E. Trask* and *Charles H. Taylor*, for respondent.

[1] Reported in 91 N. W. 485.

LOVELY, J.

Action by the receiver of the insolvent Allemannia Bank to recover an assessment ordered by the district court of Ramsey county from a legatee holding a distributive share of the estate of a stockholder of the bank. The cause was tried to the court. Findings of fact were duly returned, upon which the court held in favor of plaintiff, and ordered judgment against defendant, who thereafter moved to vacate the order therefor, and for judgment for defendant notwithstanding the findings, which was denied. From this order, defendant appeals. The evidence is not returned, but the facts essential to the disposition of the questions presented on this review are embraced in the findings, and are not disputed.

William B. Brown died testate April 13, 1897, at Faribault, leaving neither wife, parent, nor issue, but possessed of an estate valued at $190,000, including twenty shares of the capital stock of the Allemannia Bank, which were worthless. The will was probated, the entire estate was assigned and distributed previous to the commencement of this action. Under the order of distribution, defendant received a legacy valued at $34,000. The remainder of the estate was assigned and turned over to the other distributees under the will, all of whom were heirs, and nonresidents of Minnesota. Upon proper proceedings authorized by Laws 1895, c. 145, at the suit of the attorney general plaintiff was appointed receiver of the Allemannia Bank, and later, by petition, secured an order from the district court in which the receivership proceedings were pending directing an assessment of the stockholders of the insolvent bank for the par value of their shares ($100 each) to meet outstanding liabilities. To enforce this order this suit was instituted against defendant, upon the theory that she, as one of the legatees under the will of testator, could be required to pay the full amount of his assessment from her distributive share, leaving the question of contribution from other distributees open to her future action.

Under the liberal treatment of the assignments of error which we are inclined to give, two questions are presented on this review: (1) Did the heirs of testator hold as legatees or as heirs? (2) Was defendant liable in the first instance for the full amount of testa-

tor's stock liability? Both contentions are involved in the construction of the statutes of this state affecting the liability of heirs and legatees for the debts of a deceased person where they have received distributive shares of the estate, which are here set forth in full so far as material to this inquiry. Section 5921, G. S. 1894, reads:

"Legatees are liable to an action by a creditor of the testator to recover the value of a legacy received by them. The action may be brought against all or any one or more of the legatees. In such action, the plaintiff cannot recover unless he shows: First, that no assets were delivered by the executor or administrator of the deceased to his heirs or next of kin; or, second, that the value of such assets has been recovered by some other creditor; or, third, that such assets are not sufficient to satisfy the demands of the plaintiff; and in the last case he can recover only the deficiency. The whole amount which the plaintiff can recover shall be apportioned among all the legatees of the testator, in proportion to the amount of their legacies respectively, and his proportion can only be recovered of each legatee."

Section 5927, G. S. 1894, reads:

"When the heirs, devisees or legatees have received real or personal estate, and are liable for any debts under the provisions of law, they shall be liable in proportion to the estate they may have respectively received; and a creditor shall have a right to recover his claim against a part or all of such heirs, devisees or legatees, to the amount of the estate they have respectively received; but no action shall be maintained unless commenced within one year from the time the claim is allowed or established."

1. It is insisted, under the provisions of section 5927, supra, that a distinction must be made between the share of defendant and that of other distributees who are not heirs, upon the claim that all save defendant took as heirs, while defendant, not an heir, received a legacy, whose interest, under section 5921, subd. 1, is to be preferred and favored, in its application to the payment of debts, over the interests of heirs. We are unable to give to this provision of the statute the effect claimed for it by defendant, for the reason that all the nonresident distributees took by virtue of the will, rather than the law of descent. The share to each was designated and provided for therein, and was not such a share as

an heir would have been entitled to had no bequest been made to defendant.

The real test would seem to be that the authority of the probate court to make the distribution depends upon the terms of the will, and not upon a division made under the statute of descent; hence the fact that these nonresident distributees were relatives, though a noteworthy incident, cannot be held to be controlling or determinative of their rights in this respect. Authorities have been cited to support the contrary view, yet these cases do not conflict with our conclusion, but apply where a distribution is required to be made between heirs, under the law of descent, after legacies are provided for, rather than where, as in this case, the whole estate has been bequeathed by the terms of the will itself; and we therefore agree with the learned trial court that, so far as the rights of the distributees under this will are concerned, the obligations of none of them are to be subjected to any other one by reason of his kinship to testator.

2. The question whether, in the first instance, defendant was liable for the full amount of the stockholder's assessment (she having received, as legatee, a sum more than sufficient to pay therefor), is more serious, because involved in confusion by contradictory provisions of the statutes quoted above. In the second clause of subdivision 3 of section 5921, supra, it is declared in express terms that the whole amount which the plaintiff can recover shall be divided among all the legatees of the testator in proportion to the amount of their legacies, respectively, and such proportion "can only be recovered of each legatee." This interdiction upon the right of a creditor to recover more than a proportionate share of the legatee is so clear and unmistakable that no doubt would seem to exist of its meaning, and we cannot avoid the inference that the legislature intended the reasonable import of what was plainly expressed thereby. But it is also provided in section 5927 of the same chapter, and as a part of the same subject, that in an action against an heir or legatee a creditor shall have a right to recover his claim "against a part or all of such heirs, devisees or legatees, to the amount of the estate they have respec-

tively received." We are not able to say, either, that the latter section can be treated as a repeal or modification of the former. They were both included in the revision of 1866, and continued in force to the present time. They are in pari materia, and must be construed together. They are both plain and unambiguous, and the canon of construction that gives more force to a subsequent provision in a statute or act than to a previous one would practically effect a repeal of one by the other; but section 5921 was obviously enacted upon a deliberate consideration of rights well considered, and to reach an intelligent purpose; hence each should have effective force, for canons of construction are the servants, not the masters, of the court. Winters v. City of Duluth, 82 Minn. 127, 84 N. W. 788.

These sections (5921 and 5927) must be construed not only with reference to each other, and as being in pari materia, but with reference to the other cognate sections of the chapter of which they are a part. G. S. 1894, c. 77, § 5918, imposes upon the next of kin of a deceased person a liability to a creditor of his estate to the extent of the value of their distributive shares, or for so much thereof as may be necessary to satisfy his debt. Section 5919 makes each of the next of kin liable for the whole amount of his distributive share, if necessary to satisfy the creditor's demand, and no allowance can be made from such amount on account of there being other relatives to whom assets have also been delivered. Section 5920, as compensative to any of the next of kin who may be required to pay more than his proportionate share, gives to him the right of contribution from the other distributees. Section 5921 deals exclusively with the liability of legatees, and makes them contingently liable to a creditor of their testator to the extent only of their proportionate share of his claim, to be ascertained by apportioning the amount which the creditor can recover among all the legatees of the testator in proportion to the amount of their legacies, respectively; and such proportion can only be recovered of each legatee. No right of contribution is given to legatees, because their liability furnishes no basis for contribution, for each legatee is only liable for his proportionate share. It is to

be observed that the liability imposed by this section upon legatees is essentially different from that imposed upon next of kin, heirs, and devisees. Section 5924 imposes a liability upon heirs and devisees for the debts of their ancestor or testator to the extent of the value of the real estate inherited by or devised to them. Section 5927 does not undertake to create the liability of heirs, devisees, or legatees to creditors of a deceased person, for such liability is only imposed by the preceding sections to which we have referred. It, however, attempts to apportion the liability under the provisions of law for any debt.

Now, under the provisions of law, legatees are only liable for their proportionate share of such debts; and as to them this section 5927 must be read in connection with section 5921, which provides that in any case only the proportionate share of each legatee as therein defined can be recovered of him. The last clause of section 5927, therefore, must be construed as authorizing a recovery against a legatee to the amount of the estate received by him only when such amount does not exceed his proportionate share of the debt, for under the provisions of the law no greater liability is imposed upon him. This construction harmonizes the apparent conflict in the provisions of the two sections, and is the only reasonable one which can be adopted which will give effect to both sections, which are of equal force. We accordingly hold that, in an action against a legatee by a creditor of his testator, no greater amount can be recovered from him than his proportionate share of the debt, as defined in section 5921. The liability of the defendant in this case is that of legatee only, and, upon the facts found by the trial court, she was not liable to any greater amount than $363.63 and interest.

It is therefore ordered that the order appealed from be reversed, and the cause remanded, with direction to the district court to amend its conclusions of law so as to direct judgment for that amount.