# STATE ex rel. HENRY HUGHES v. FREDERICK E. REUSSWIG.[1]

### April 29, 1910.

### Nos. 16,111—(31).

**Construction of Statute — Means of Enforcing It.**

On general principles a court will not allow judicial interpretation to usurp the place of legislative enactment. A statute is not valid unless there be a competent expression of legislative will. If a statute give no sufficient means where it may be enforced and the rights of the parties protected, it is void.

**Same.**

It is, however, a duty of the court to endeavor to ascertain the meaning

[1] Reported in 126 N. W. 279.

of an enactment by the legislature, and to give it force and effect by construing the law in question in connection with all relevant statutes.

**Election of District School Trustees.**

> Section 1311, R. L. 1905, relating to elections described in common school districts, when construed in connection with other provisions of law, is not void because its meaning cannot be ascertained, or because it is so incomplete that it cannot be carried into effect.

Upon the petition of Henry Hughes, the district court for Itasca county issued its writ of quo warranto commanding respondent to appear before the court and show by what warrant he exercised and claimed the right to exercise jurisdiction as chairman of a certain school board. The substance of the return to the writ is stated in the opinion. Relator demurred to the return. From an order, McClenahan, J., sustaining the demurrer, respondent appealed. Reversed.

·*C. C. McCarthy,* for appellant.
*Spear & Stone,* for relator.

JAGGARD, J.

This is an appeal from an order sustaining a demurrer to the answer of respondent and appellant, who will hereafter be referred to as defendant, in quo warranto proceedings initiated by relator and appellee, who will hereafter be referred to as plaintiff.

The plaintiff alleged that he had been elected as chairman of common school district No. 1 in Itasca county at an adjourned annual meeting held on or about August 1, 1908; that he thereafter qualified for said office, and that respondent refused to recognize the rights of relator and unlawfully withholds said office from him. In his answer defendant alleged that said common school district contains more than ten townships, and that he was elected as said chairman at a general biennial state election held on November 6, 1906; that he thereafter qualified as such officer; that he now claims said office by virtue thereof; and that certain minor irregularities in the election of relator by the annual school meeting also occurred. It is not alleged that there was any fraud or misconduct in the election of relator at the annual school meeting.

The merits of the controversy go to section 1311, R. L. 1905, under which respondent claims, and which attempts to provide for an election in school districts containing ten or more townships at the general state election. Relator attacked this section on the ground, among others, that it was so inadequate and incomplete that it could not be enforced. Section 1311 reads as follows:

"In all common school districts embracing ten or more townships, the trustees shall be elected biennially at the general state election, two trustees at every such election; the term of office of one to commence August 1 in the year following his election, and that of the other August 1 in the second year following his election; the time of the commencement of the term of each to be indicated on the ballot. The vote shall be returned and canvassed, and the persons elected notified, in the same manner as in the election of county officers. But a separate ballot box shall be used, and the voters need not register."

If that section is enforceable, then the defendant elected under it is entitled to the office; if it is not, then the plaintiff elected at the adjourned annual meeting (see section 1305), which had the power to "elect by ballot" officers of the district (subdivision 3, § 1308), is entitled to the office.

1. The relevant general principles of construction are clear. On the one hand, the court will not allow judicial interpretation to usurp the place of legislative enactment. A statute is not valid unless there be a competent and official expression of legislative will. State v. Partlow, 91 N. C. 550, 49 Am. 652. An objection to a statute, it was pointed out by Judge Cooley, is fatal if it give no sufficient means whereby it may be enforced and the rights of the parties protected. And see State v. West Side, 146 Mo. 155, 169, 47 S. W. 959; Albert v. Gibson, 141 Mich. 698, 105 N. W. 21; Farmers v. Hale, 59 N. Y. 53; Hilburn v. St. Paul, 23 Mont. 229, 58 Pac. 555; Drake v. Drake, 15 N. C. 110; Risser v. Hoyt, 53 Mich. 185, 18 N. W. 611; In re Chaffee's Appeal, 56 Mich. 224, 22 N. W. 871; Ward v. Ward, 37 Tex. 389; In re Hendricks, 60 Kan. 796, 57 Pac. 965; State v. Ashbrook, 154 Mo. 375, 55 S. W. 627, 48 L.R.A. 265, 77 Am. St. 765; State v. Rumberg, 86 Minn. 399, 90 N. W. 1055;

Johnson v. Hudson River, 49 N. Y. 455, 462; U. S. v. 99 Diamonds, 139 Fed. 961, 72 C. C. A. 9, 2 L.R.A. (N.S.) 185.

On the other hand, as Ryan, C. J., said in Attorney General v. Eau Claire, 37 Wis. 400, 438: "We owe great deference to the legislative authority. It is our duty to give effect to all its enactments, according to its intention, as far as we have constitutional right and power; and to that end it behooves us, as far as we are able, to place such a construction on statutes as will reconcile them to the constitution, and to give them effective operation, under the constitution, according to the intention with which they are passed. It would be palpable violation of judicial duty and propriety to seek in a statute a construction in conflict with the constitution or with the object of its enactment, or to admit such a construction when the statute is fairly susceptible of another in accord with the constitution and the legislative intention." And see State v. Standard, 61 Neb. 28, 84 N. W. 413, 414, 87 Am. St. 449; Burlington v. Dey, 82 Iowa, 312, 48 N. W. 98, 12 L.R.A. 436, 445, 31 Am. St. 477; Townsend v. Hill, 24 Wash. 469, 64 Pac. 778, 780; Grenada County Supervisors v. Brogden, 112 U. S. 261, 5 Sup. Ct. 125, 28 L. Ed. 704; In re Mitchell, 120 Cal. 384, 52 Pac. 799; Hurst v. Town of Martinsburg, 80 Minn. 40, 43, 82 N. W. 1099; Hunter v. City of Tracy, 104 Minn. 378, 380, 381, 116 N. W. 922.

This court has repeatedly announced this doctrine. It has held statutes void only when clearly necessary, and then generally because of their violation of some substantial constitutional requirement. Every reasonable effort has been made to so interpret an enactment as to hold it enforceable and to effectuate the legislative intent. The resulting rule is clearly formulated by Mr. Sutherland: "It is the bounden duty of courts to endeavor by every rule of construction to ascertain the meaning of, and to give full force and effect to, every enactment of the general assembly not obnoxious to constitutional prohibitions. But if, after exhausting every rule of construction, no sensible meaning can be given to the statute, or if it is so incomplete that it cannot be carried into effect, it must be pronounced inoperative and void." Sutherland, St. Const., pp. 140, 141.

2. It remains to apply this principle to the facts in this case. It

is evident that the statute in itself is incomplete and inartistic. It is a good illustration of legislative crudity and imperfection. It does not at all follow, however, that it is absolutely void. / Plaintiff has urged before this court five respects in which "it gives no sufficient means whereby the act may be enforced." We will consider them successively, but with some change in their order.

(a) "Section 1311 makes no provision for nominating candidates." It is evident that the act must be construed in connection with the election law. This is in logical pursuance of the general requirement that statutes must be interpreted as a whole. Portions of the election law which can reasonably be incorporated into section 1311 are a necessary part of it. The only question is whether that law, construed with section 1311, is enforceable. So far as the provisions for nominating candidates is concerned, we think the result of the statute read as a whole is adequate. A number of provisions of that law may supply the deficiencies in section 1311. For example, section 213 provides for nomination of voters by means of certificates of nomination. We are at a loss to see why this section should not be adequate for nominating candidates for the office of trustee of the school district.

(b) "Section 1311 provides that the term of one trustee shall commence August 1 following the election, and the term of the other a year later. It makes no provision for designating which two trustees shall be so voted for. It does not designate which shall be chairman, treasurer, or clerk, or what terms shall be assigned to what officers. * * *" It is an obviously reasonable construction that, when candidates are nominated, the terms and office should be designated. If there is a failure in this respect, then the officers holding over would occupy the term until other provision be made for filling it.

(c) "How are the names of candidates placed on the ballot? Who provides the ballot boxes and other election supplies? Who names the judges of election and clerks? Who establishes precincts and polling places? These and many other vital questions at once suggest themselves." The general election law fully supplies these deficiencies. See section 1311.

(d) "Section 1311 makes no provision for the officers of newly organized districts containing ten or more townships. Nor is it aided by section 1313. This, however, need not be urged, in view of the otherwise unmistakably defective character of the act." It is plain that this criticism would merely limit the operation of section 1311, and leave the trustees of such newly organized districts to be elected otherwise than under section 1311.

(e) "Section 1311 provides for the election of two trustees biennially at the general state election. It makes no provision for the third trustee in the event of a first election in a common school district at the general state election under section 1311." We are at a loss to see why a law requiring two trustees for a certain time should not be as valid as a law requiring three trustees. It might be that the court would hold that the elected trustee had a right to fill the vacancy. Without doubt courts would prove adequate to determine this question, if the proper occasion should arise. The controversy is, however, academical in view of the change in the law introduced by chapters 187 and 238, Laws 1909.

It follows that section 1311 was valid, and the demurrer improperly sustained.

Reversed.