## ETHEL S. BOND v. PENNSYLVANIA RAILROAD COMPANY.[1]

January 2, 1914.

Nos. 18,269—(150).

**Jurisdiction of court—judicial notice.**

1. The court takes judicial notice of the proceedings by which it acquires jurisdiction.

[1] Reported in 144 N. W. 942.

---

Note.—The question of conflict of laws as to action for death or bodily in-

**Limitation of action—death from wrongful act in foreign state.**

2. An action for damages for a death resulting from a negligent act committed in another state is based upon the statute of the state in which the cause of action arose, and the time within which such action may be brought is governed by the statutes of such state.

**Action upon foreign statute—procedure governed by lex fori.**

3. The time at which such action is deemed as commenced and all other matters pertaining to procedure are determined and governed exclusively by the law of the forum.

**Limitation of action—construction of statute.**

4. The provisions of the code relating to the commencement of actions must be construed as a whole and so as to give effect to the intention to provide a single uniform course of procedure which shall apply alike to all civil actions.

**Commencement of action.**

5. An action is deemed as commenced when the summons is delivered to the proper officer for service, if such service be completed within the prescribed time.

Action in the district court for Hennepin county under statutes of Pennsylvania, approved April 15, 1851, and April 26, 1855, respectively, to recover $25,000 for the death of plaintiff's husband on December 6, 1911. The answer alleged that the cause of action did not accrue within one year prior to the time when the action was brought, that the action was not brought within one year after the death of decedent, and was barred by the express provisions of the statutes of Pennsylvania. The reply alleged that the action was in fact commenced within one year after the death of decedent and was begun by filing the summons and complaint in the office of the clerk of court on November 23, 1912, and delivery of the same on that day to the sheriff of the county of Hennepin for service upon defendant, and the attachment of property in the state belonging to defendant by garnishment process of upwards of $20,000, and after compliance by plaintiff with the statutory prerequisites to personal service upon defendant in the state of Penn-

jury, is treated in a note in 56 L.R.A. 193. And as to what statute of limitations will govern as to action for death, see notes in 48 L.R.A. 638 and 56 L.R.A. 208.

sylvania in such case provided, plaintiff caused a copy of the summons and complaint to be served upon defendant personally at the city of Philadelphia on December 20, 1912. From an order, Dickinson, J., overruling its demurrer to the reply, defendant appealed. Affirmed.

*Durment, Moore & Oppenheimer* and *Thomas DeWitt Cuyler,* for appellant.

*Usher L. Burdick, John J. Murphy* and *Stiles & Devaney,* for respondent.

TAYLOR, C.

Plaintiff's husband was killed in a railroad wreck in the state of Pennsylvania, on December 5, 1911, while a passenger upon one of defendant's trains. Plaintiff brought suit for damages in the district court of Hennepin county, and, in her complaint, set forth the Pennsylvania statute authorizing such actions. This statute contains the following limitation: "The action shall be brought within one year after the death, and not thereafter." Defendant answered and among other things alleged that the action was not brought within one year after the death of the passenger and was barred by the statute. The summons and complaint were placed in the hands of the sheriff of Hennepin county for service, and, on November 23, 1912, he duly returned that the defendant could not be found, and, on the same date, the summons and complaint with this return attached thereto were filed in the office of the clerk of the district court. On the same date a large amount of money belonging to defendant was impounded by garnishment proceedings issued in the action. On November 30, 1912, the affidavit required by statute to authorize constructive service upon a nonresident was filed, and on December 20, 1912, the summons and complaint were served upon defendant personally in the state of Pennsylvania. In her reply to the answer of defendant, plaintiff set forth these proceedings to show that the action was begun within the statutory time. Defendant demurred to the reply, the demurrer was overruled, and defendant appealed.

The proceedings by which jurisdiction was acquired are a part of

the record in the case, and it was not necessary to set them forth in the reply to have the court take notice of them. As it was not necessary to allege in the reply that these proceedings had been taken, defendant's point that, as to a portion of them, the reply merely states a conclusion of law, is without force. While the practice, adopted in this case, of setting forth in a pleading the proceedings by which jurisdiction was acquired and then demurring to such pleading is unusual, a demurrer searches the record, and we will consider whether it appears from the complaint, in connection with the record, that the right of action was barred at the time the suit was begun.

An action brought in this state to recover damages for the death of a person caused by a wrongful act committed in another state, is based upon the statute of the state in which the cause of action arose; and the time within which such action may be brought is the time prescribed by such statute, and not the time prescribed by our own statutes. Negaubauer v. Great Northern Ry. Co. 92 Minn. 184, 99 N. W. 620, 104 Am. St. 674, 2 Ann. Cas. 150; Stewart v. Great Northern Ry. Co. 103 Minn. 156, 114 N. W. 953, 123 Am. St. 318; Casey v. American Bridge Co. 116 Minn. 461, 134 N. W. 111, 38 L.R.A.(N.S.) 521. But the means by which our courts acquire jurisdiction, and the time at which the action is deemed as commenced, and all other matters pertaining to the procedure and to the remedy are determined and governed exclusively by our own statutes. Fryklund v. Great Northern Ry. Co. 101 Minn. 37, 111 N. W. 727; Brunette v. Minneapolis, St. P. & S. S. M. Ry. Co. 118 Minn. 444, 137 N. W. 172; Herrick v. Minneapolis & St. L. Ry. Co. 31 Minn. 11, 16 N. W. 413, 47 Am. Rep. 771; Wendell v. Lebon, 30 Minn. 234, 15 N. W. 109; First National Bank of Deadwood v. Gustin M. C. M. Co. 42 Minn. 327, 44 N. W. 198, 6 L.R.A. 676, 18 Am. St. 510; Pritchard v. Norton, 106 U. S. 124, 1 Sup. Ct. 102, 27 L. ed. 104; Pope v. Terre Haute C. M. Co. 87 N. Y. 139.

Defendant is a foreign corporation and only a constructive service of the summons could be made upon it. Such service was made. If the suit was commenced when the summons and complaint were placed in the hands of the sheriff, the action was brought within the statutory time. If it was not commenced until the constructive serv-

ice had been completed by the service made upon the defendant in the state of Pennsylvania, it was not brought within the prescribed time and the right of action was barred by the statute.

Chapter 66 of the general statutes of 1866, as amended from time to time, is the code of civil procedure of the state of Minnesota and appears as chapter 77 of the revised laws of 1905. The first section of this code provides: "There shall be in this state but one form of action for the enforcement or protection of private rights and the redress of private wrongs." Since the adoption of this code we have had but one form of action called a "civil action," and but one method of procedure which applies alike to all such actions. Adams v. Castle, 64 Minn. 505, 67 N. W. 637; Palmer v. Yorks, 77 Minn. 20, 79 N. W. 587; Gilbert v. Boak Fish Co. 86 Minn. 365, 90 N. W. 767, 58 L.R.A. 735. Such actions "shall be commenced by the service of a summons as hereinafter provided." Section 4102, R. L. 1905. There is no other way of commencing a civil action in this state, and the form of the summons and the manner of its service in all such actions is governed by this code. Crombie v. Little, 47 Minn. 581, 50 N. W. 823; H. L. Spencer Co. v. Koell, 91 Minn. 226, 97 N. W. 974. While there are statutes authorizing various special proceedings and prescribing the manner in which such proceedings shall be instituted and conducted, such statutes apply only to such special proceedings. Actions for damages, whether based upon our own statutes or upon those of other states, are governed by and must be brought and prosecuted under and as provided in the code of civil procedure.

The court has jurisdiction of the defendant from the time of the service of the summons. Section 54, chapter 66, G. S. 1866. Section 4115, R. L. 1905. But in case of constructive service the court does not acquire jurisdiction until such constructive service is completed. Auerbach v. Maynard, 26 Minn. 421, 4 N. W. 816.

Sections 13 and 14, chapter 66, G. S. 1866, are as follows:

Section 13: "An action is commenced as to each defendant, when the summons is served on him, or on a codefendant who is a joint contractor, or otherwise united in interest with him, and is deemed to be pending from the time of its commencement, until its final de-

termination upon appeal, or until the time for an appeal has passed, and the judgment has been satisfied."

Section 14: "An attempt to commence an action is deemed equivalent to the commencement thereof, within the meaning of this chapter, when the summons is delivered, with the intent that it shall be actually served, to the sheriff or other officer of the county in which the defendants, or one of them, usually or last resided; or if a corporation is a defendant, to the sheriff or other officer of the county in which such corporation was established by law, or where its general business was transacted, or where it kept an office for the transaction of business; but such an attempt shall be followed by the first publication of the summons, or the service thereof, within sixty days."

These two sections remained unchanged until the revision of 1905. In that revision they were combined into one section which reads as follows:

"For the purposes of this subdivision, an action shall be considered as begun against each defendant when the summons is served upon him, or on a codefendant who is a joint contractor or otherwise united in interest with him, or is delivered to the proper officer for such service; but, as against any defendant not served within the period of limitation, such delivery shall be ineffectual, unless within sixty days thereafter the summons be actually served on him or the first publication thereof be made. And when an action is begun it shall be deemed pending until the final judgment therein has been satisfied." Section 4081, R. L. 1905.

In the revision of the laws made in 1866, the several chapters were enacted as separate acts. The sections were numbered by chapters and each chapter was subdivided into various "Titles." Chapter 66 was subdivided into twenty-four "Titles." Sections 13 and 14, quoted above, are found under "Title II," which bears the subheading: "The Time of Commencing Actions." The general statutes limiting the time within which actions may be brought are also found under "Title II." But the provision in section 14 that "an attempt to commence an action is deemed equivalent to the commencement thereof, *within the meaning of this chapter,*" precludes

limiting the operation of this section to that portion of the chapter contained in "Title II." When the prescribed steps have been taken, all actions brought under the code are deemed as commenced, not merely within the meaning of the limitations contained in title II, but within the meaning of all the provisions of the chapter. The provisions of the code in reference to the commencement of actions, the service of the summons, and the acquiring of jurisdiction were intended to form a complete and harmonious whole and to apply to and govern all civil actions. The various provisions must be construed together and so as to give effect to such intention. Auerbach v. Maynard, 26 Minn. 421, 4 N. W. 816; Knight v. Norris, 13 Minn. 438, 444, (473); In re St. Paul & N. P. Ry. Co. 37 Minn. 164, 33 N. W. 701; State v. McDonald, 26 Minn. 445, 1 N. W. 832; Brown v. Village of Heron Lake, 67 Minn. 146, 69 N. W. 710; Hunt v. Grant, 87 Minn. 189, 91 N. W. 485; Murtaugh v. Chicago, M. & St. P. Ry. Co. 102 Minn. 52, 112 N. W. 860, 120 Am. St. 609; Webster Mnfg. Co. v. Penrod, 103 Minn. 69, 114 N. W. 257; State v. Reusswig, 110 Minn. 473, 126 N. W. 279; State v. Schmidt, 111 Minn. 180, 126 N. W. 487; Downing v. Lucy, 121 Minn. 301, 141 N. W. 183.

The action is commenced by the service of a summons. It is deemed commenced as to each defendant when the summons is served upon him or upon a co-defendant united in interest with him, or when it is placed in the hands of the proper officer for such service, if this be followed by actual or constructive service within the prescribed time. The court, however, does not acquire jurisdiction until the service is completed.

Whatever uncertainty may have resulted from sections 13, 14, 42, 49, and 54, chapter 66, G. S. 1866, in the case of a nonresident who had never had a place of residence nor a place of business within the state, was removed in the revision of 1905, which provides that the action shall be considered as begun when the summons "is delivered to the proper officer" for service. Section 4081, R. L. 1905. The proper officer is the officer who in the particular case is the proper official to make such service. In the case of nonresidents

such officer is the sheriff of the county in which the action is begun. Section 4111, R. L. 1905.

Defendant contends, however, that as section 4081, R. L. 1905, reads: "For the purposes of this subdivision, an action shall be considered as begun against each defendant when the summons is served upon him   *   *   *   or is delivered to the proper officer for such service," it follows from the phrase, "for the purposes of this subdivision," that the action is deemed as begun only within the meaning of those provisions of chapter 77, R. L. 1905, appearing under the headline, "Limitation of Actions," as this section is among those appearing under that headline. We do not concur in this conclusion.

Unlike the revision of 1866, in which the several chapters were enacted separately, the revision of 1905 was presented for adoption as a single act and was enacted as an entirety. The titles into which the various chapters had previously been subdivided were eliminated and the sections were numbered consecutively throughout the entire act. The laws as revised were divided into 5 parts and were subdivided into 108 chapters. The act did not subdivide the chapters except into sections, but provision was made for inserting appropriate headlines. In accordance with this provision topical headlines were prefixed to each section, and in addition thereto other topical headlines were inserted at appropriate places throughout the act. The commissioner charged with the duty of editing the act for the printer was authorized "to change headlines; to insert, alter or omit subheads." Section 3, chapter 218, Laws 1905. The headlines are not a part of the act and were inserted merely as a matter of convenience. We cannot hold that the expression "for the purposes of this subdivision," found in section 4081, limits the provisions of section 4081 to those sections of the act which the editor might thereafter see fit to group with this section under some common headline. The subdivision referred to must be a subdivision of the act itself or that subdivision of the subject-matter of the act to which the section relates. The subdivision of the revised laws in which the section is found is chapter 77, which is the code of civil procedure; and the subject-matter to which it relates is the bringing

of civil actions and the time at which they shall be deemed to have been begun.

Construing the section as applying to all actions brought under chapter 77 gives it the same application which it had under the prior laws, and provides one uniform rule for determining the time at which a civil action is begun. The various provisions of the code considered as a whole clearly indicate that the purpose was to provide simple, uniform rules which should apply to all civil actions so far as procedure was concerned, and the construction we give section 4081 is in accord with such purpose and in harmony with the other sections relating to the same subject-matter. There is no good reason why what constitutes the commencement of one civil action should not constitute the commencement of another; no good reason why what constitutes the commencement of an action to recover damages for personal injuries should not also constitute the commencement of an action to recover damages for an injury which results in death. And we discover no intention to make a distinction between them as to what shall constitute the commencement of the action. The summons and complaint in the case at bar having been delivered to the sheriff for service within the year, and such service having been completed within the time prescribed by the statute, the action was commenced within the time limited therefor by the Pennsylvania statute.

The suggestion of counsel that, if section 4081 applies to the instant case, then section 4082 also applies is a clear *non sequitur*. The latter section provides that, in determining whether our statute of limitations has run, the time during which the defendant resides out of the state shall not be counted. As already stated our statute of limitations has no application whatever to the case at bar, and the time within which the action must be commenced is governed solely by the statute of Pennsylvania which both gave the right of action and limited the time within which such right could be enforced. But the manner of bringing the action in the courts of Minnesota and what constituted the commencement thereof is governed by the statutes of Minnesota.

Order affirmed.