LILLEHAUG, Justice.
Appellant Nichole Cox attempted to commence a breach of contract action against respondents Mid-Minnesota Mutual Insurance Company and North Star Mutual Insurance Company by faxing the summons and complaint to the sheriff's offices in the insurers' home counties. We granted review to decide whether a facsimile transmission satisfies Rule 3.01(c) of the Minnesota Rules of Civil Procedure, which requires that a summons be "delivered" to the sheriff before an action is commenced. Because Rule 3.01(c) contemplates personal delivery to the office of the sheriff, we hold that a facsimile transmission is not a "delivery." But because the sheriffs completed service of process on each of the respondents, we hold that appellant's action was nevertheless commenced under Rule 3.01(a), thus giving the district court personal jurisdiction over the respondents. We therefore affirm the court of appeals in part, reverse in part, and remand to the district court for further proceedings.
FACTS
On January 9, 2014, appellant Nichole Cox's home was destroyed by a fire. The home was insured by respondents Mid-Minnesota Mutual Insurance Company ("Mid-Minnesota") and North Star Mutual Insurance Company ("North Star"), whose respective principal places of business are in Benton and Lyon Counties. Cox submitted *542 a damage claim to Mid-Minnesota, but the claim was denied. Cox's insurance policy provides that "[n]o suit ... to recover for any property claim may be initiated or brought ... unless ... the suit is commenced ... within two (2) years after the loss."
On December 21, 2015, Cox unsuccessfully attempted to commence a breach of contract action against the insurers by serving a summons and complaint on the Minnesota Commissioner of Commerce. On January 11, 2016, Cox again attempted to commence the action, this time by faxing the summons and complaint to the sheriffs in Benton and Lyon Counties. Both offices confirmed that they received the fax. On January 14, 2016, the Lyon County deputy sheriff personally served North Star. On January 19, 2016, the Benton County deputy sheriff personally served Mid-Minnesota.
The insurers moved to dismiss the action. They argued that facsimile transmission did not constitute "delivery" of the summons under Rule 3.01(c),[1] so that even if the policy's statute of limitations expired on January 11, 2016,[2] the attempted commencement of the action on that date failed. The district court denied the motion, concluding that facsimile transmission constituted "delivery" under Rule 3.01(c). The insurers appealed.
The court of appeals reversed the district court, holding that, by sending a facsimile transmission, Cox had failed to personally deliver the summons and complaint to the sheriff. As a result, the court said, the action was never commenced under Rule 3.01(c), and the district court lacked jurisdiction. We granted Cox's petition for review.
ANALYSIS
This case poses three questions for us to answer. First, did the court of appeals have appellate jurisdiction over the insurers' appeal? Second, what do the words "delivered" and "delivery" mean in Minn. R. Civ. P. 3.01(c) ? Third, notwithstanding our interpretation of the word "delivery," was the action nevertheless commenced?
I.
We must first address whether the court of appeals had appellate jurisdiction over the insurers' interlocutory appeal from the district court order denying their motion to dismiss for insufficient service of process. We review questions of subject-matter jurisdiction de novo. Zweber v. Credit River Twp. , 882 N.W.2d 605, 608 (Minn. 2016).
Cox argues that the court of appeals lacked subject-matter jurisdiction to hear the immediate appeal. She contends that the appealed issue relates to the statute of limitations governing the action, not whether the action was, in fact, commenced. Denials of motions to dismiss or for summary judgment on statute of limitations grounds are not immediately appealable, she notes.
We conclude that the denial of the insurers' motion was immediately appealable.
*543 The insurers brought a motion to dismiss under Rule 12.02(b) (personal jurisdiction), (d) (insufficiency of service of process), and (e) (failure to state a claim). The ruling on the Rule 12.02(e) component of the motion-whether the statute of limitations expired on January 9 or January 11-was not appealed. The insurers have only "challenge[d] the district court's denial of [the] motion to dismiss for insufficiency of service of process." Cox v. Mid-Minnesota Mutual Ins. Co. , No. A16-0712, 2017 WL 164428, at *1 (Minn. App. Jan. 17, 2017).
Our case law is clear that the denial of a motion to dismiss for lack of personal jurisdiction is immediately appealable. See McGowan v. Our Savior's Lutheran Church , 527 N.W.2d 830, 832 (Minn. 1995) ("[I]mmediate appeal is permitted where a motion to dismiss for lack of personal jurisdiction is denied."); Hunt v. Nev. State Bank , 285 Minn. 77, 172 N.W.2d 292, 300 (1969) ("[A]n order denying a motion to quash service of summons is appealable." (quoting Dieseth v. Calder Mfg. Co. , 275 Minn. 365, 147 N.W.2d 100, 102 (1966) )). We also permit immediate appeals from the denial of a motion to dismiss for insufficient service of process. See, e.g. , DeCook v. Olmsted Med. Ctr., Inc. , 875 N.W.2d 263, 264 (Minn. 2016) (considering an "appeal from the denial of a motion to dismiss for insufficiency of process"); Plano Mfg. Co. v. Kaufert , 86 Minn. 13, 89 N.W. 1124, 1125 (1902) ("[A]n order which denies the motion of a defendant ... to set aside the service of the summons ... determines his positive legal rights ... [;] such an order is appealable."). We allow an immediate appeal from the denial of a motion to dismiss for lack of personal jurisdiction or insufficient service of process because "[i]t is more realistic to view such ... order[s] not merely as a retention of an action for trial, but as a determination of right, for a defendant is compelled thereby to take up the burden of litigation ... that might otherwise be avoided." Hunt , 172 N.W.2d at 300.
This same rationale applies here. Rule 3.01(c) contains two requirements to commence an action: (1) delivery to the sheriff, and (2) actual service upon the defendant (or first publication) within 60 days of that delivery. If the delivery-to-the-sheriff requirement is not satisfied, that necessarily means the action has not been commenced under Rule 3.01(c). If an action has not commenced, the courts lack personal jurisdiction. It follows that the denial of the insurers' motion served to determine a right, compelling them "to take up the burden of litigation ... that might otherwise be avoided." Hunt , 172 N.W.2d at 300. Such determinations are immediately appealable. Id.
II.
We next turn to the meaning of the words "delivered" and "delivery" in Rule 3.01(c). The rules of civil procedure are interpreted de novo. Walsh v. U.S. Bank, N.A. , 851 N.W.2d 598, 601 (Minn. 2014).
"We generally interpret words and phrases according to their common and ordinary meaning, but we interpret technical words and phrases according to their special, technical meaning." State v. Schouweiler , 887 N.W.2d 22, 25 (Minn. 2016) (citing Staab v. Diocese of St. Cloud , 813 N.W.2d 68, 72 (Minn. 2012) ). A word has a special meaning if "courts have ascribed a well-established and long-accepted meaning to [it]." State v. Nelson , 842 N.W.2d 433, 445 (Minn. 2014) (Dietzen, J. dissenting) (citing In re Stisser Grantor Trust , 818 N.W.2d 495, 504 (Minn. 2012) ). "Whether a phrase should be ascribed its technical or special meaning depends in part upon the context in which the phrase *544 appears." Id. (citing State v. Rick , 835 N.W.2d 478, 484 (Minn. 2013) ).
We may also consider a rule's purpose, history, and procedural context. See Walsh , 851 N.W.2d at 603-06. We read the rules "in light of one another." Mingen v. Mingen , 679 N.W.2d 724, 727 (Minn. 2004). And we consider federal cases "instructive" where our rule is similar to a Federal Rule of Civil Procedure. T.A. Schifsky & Sons, Inc. v. Bahr Constr., LLC , 773 N.W.2d 783, 787 n.3 (Minn. 2009).
In our view, "delivery" and "delivered" have a special meaning within the context of Rule 3.01(c) that requires personal delivery. This conclusion is confirmed by the legal definition of "delivery," along with the history and the procedural context of the rule.
A.
In the context of commencing a civil action, the word "delivery" has a special meaning. The accepted legal meaning of "delivery" contemplates personal delivery. Black's Law Dictionary defines "delivery" as "[t]he formal act of voluntarily transferring something; esp., the act of bringing goods , letters, etc. to a particular person or place ."[3] Delivery , Black's Law Dictionary (10th ed. 2014) (emphasis added). For example, "delivery in escrow" is defined as "[t]he physical transfer of something to an escrow agent." Id. at 522 (emphasis added). Similarly, the classic "delivery of deed" occurs "when the grantor physically hands the deed to the grantee." Id. (emphasis added). In each of these definitions, delivery requires physically handing off an item to a particular person or place. Plainly, "delivery" has a special meaning; it requires personal delivery.
Facsimile transmission is not a personal delivery. Rather, a fax is "[a] method of transmitting over telephone lines an exact copy of a printing." Fax , Black's Law Dictionary (10th ed. 2014); see also The American Heritage Dictionary 645 (5th ed. 2011) (defining fax as "[a] document transmitted or received by a fax machine"). The actual document being faxed is not brought to a particular person or place. There is no physical transfer or hand-off.
B.
The history of Minnesota's delivery-to-the-sheriff rule also shows that, in this context, "delivery" has a well-established special meaning requiring a physical hand-off.
The practice of commencing a civil action by delivering a summons to the sheriff is older than the state itself. The Territory of Minnesota's first laws, passed in 1851, included a statute permitting commencement of a lawsuit against a corporation or individual by delivery of a summons to the sheriff. See Minn. Rev. Stat. (Terr.), ch. 70, § 15 (1851). After recodifications in 1858 and 1866, the law "remained unchanged until the revision of 1905." Bond v. Penn. R.R. Co. , 124 Minn. 195, 144 N.W. 942, 944 (1914). This revision consolidated the statutes governing commencement, with no substantive change to the delivery-to-the-sheriff rule. Minn. Rev. Laws § 4081 (1905).
In 1914 we were asked to identify the exact moment of commencement under section 4081-the precursor to Rule 3.01. In Bond , we held that an action commences "when the summons ... is placed in hands [sic] of the proper officer for *545 such service, if this be followed by actual or constructive service within the prescribed time." 144 N.W. at 944 (emphasis added).
Section 4081 remained unchanged until 1952, when the Minnesota Rules of Civil Procedure became effective. Rule 3.01 continued the traditional delivery-to-the-sheriff rule:
A civil action is commenced against each defendant when the summons is served upon him or is delivered to the proper officer for such service; but such delivery shall be ineffectual unless within 60 days thereafter the summons be actually served on him or the first publication thereof be made.
Minn. R. Civ. P. 3.01 (1952) (emphasis added).
In 1985, Rule 3.01 was broken into three subsections, but the substance of the delivery-to-the-sheriff requirement remained unchanged, substituting "the sheriff" for "the proper officer" to "remove ambiguity or uncertainty." Minn. R. Civ. P. 3.01 advisory comm. cmt.-1985. Rule 3.01(c) has thereafter remained the same for more than 30 years.
In short, the rule permitting commencement of a civil action by delivery of the summons to the sheriff has existed in Minnesota since 1851. To satisfy this rule, we have a well-established and long-accepted practice of requiring personal delivery of the summons and complaint to the sheriff.[4]
C.
Interpreting the word "delivery" to include faxing[5] would be inconsistent with the rest of Rule 3.01 and the other procedural rules. We have a "policy to construe the rules concerning the commencement of an action to provide a single, uniform course of procedure that applies alike to all civil actions." In re Skyline Materials, Ltd. , 835 N.W.2d 472, 478 (Minn. 2013) (citation omitted) (internal quotation marks omitted).
Rule 3.01(a) allows an action to commence "when the summons is served upon th[e] defendant." Minn. R. Civ. P. 3.01(a). Rule 3.01(b) commences an action "at the date of acknowledgement of service if service is made by mail or other means consented to by the defendant." Minn. R. Civ. P. 3.01(b). Rule 3.01(a) does not mention facsimile transmission. Neither does Rule 3.01(c). Unlike Rules 3.01(a) and (c), Rule 3.01(b) contains a narrow exception authorizing commencement by facsimile transmission, but only if "consented to by the defendant." Minn. R. Civ. P. 3.01(b). That Rule 3.01 limits delivery by facsimile transmission to cases in which a plaintiff has obtained the defendant's consent prior *546 to the transmission suggests that Rule 3.01(a) and (c) does not permit faxing.
Minnesota Rule of Civil Procedure 4, governing service of process, also supports the special meaning of "delivery." Just like Rule 3.01, Rule 4 uses the word "delivery" without defining the term. See Minn. R. Civ. P. 4.03. In 2006 we limited the meaning of "delivery" when we concluded that "Rule 4 ... does not include any provision for service by facsimile." Kmart Corp. v. County of Clay , 711 N.W.2d 485, 490 (Minn. 2006). If "delivery" under Rule 4 does not permit delivery by facsimile transmission, it would be inconsistent to interpret Rule 3.01(c) to allow it.[6]
Rule 5.02(c), which governs service of pleadings in lawsuits already commenced, was amended in 1996 to expressly provide for facsimile service. See Minn. R. Civ. P. 5.02(c) advisory comm. cmt.-1996. If we had intended to permit facsimile transmission to satisfy Rule 3.01(c) 's "delivery" requirement, we could have amended the rule to so provide, as we have amended Rule 5.02(c) and other rules.[7] Cf. Melillo v. Heitland , 880 N.W.2d 862, 865 (Minn. 2016) ("In 1996, our amendment to Rule 4.04 ... allow[ed] service by certified mail to constitute personal service ... but only on defendants located outside the United States. Had we intended to allow [service by certified mail] for domestic or in-state service, we would have amended Rule 4.05 to say so." (citation omitted)).
Finally, it is instructive that the federal courts have interpreted the term "delivery" in the Federal Rules of Civil Procedure the same way we have here. See Walsh , 851 N.W.2d at 603. Like our Rule 3.01(c), Rule 4 of the federal rules requires "delivery" of the summons and complaint to the defendant to accomplish effective service. See, e.g. , Fed. R. Civ. P. 4(h)(1)(B) ("[A] domestic or foreign corporation ... must be served ... by delivering a copy of the summons and of the complaint...."). Federal courts have consistently interpreted this "delivery" requirement to exclude facsimile transmission. See, e.g. , United States v. Flowers , 464 F.3d 1127, 1131 (10th Cir. 2006) ("The Federal Rules ... allow service by fax only when the party being served by fax has consented to it in writing...."); United States v. Galiczynski , 44 F.Supp.2d 707, 713 (E.D. Penn. 1999) ("The result reached here, that the Federal Rules ... do not authorize service by fax, is consistent with the unanimous decisions rendered by courts that have considered the issue.").
To summarize, the word "delivery" in Rule 3.01(c) has a well-established special meaning: personal delivery . This special meaning is confirmed by the history of the delivery-to-the-sheriff rule, the surrounding rules, and federal cases. Because Rule 3.01(c) requires personal delivery of the summons, Cox's facsimile transmissions to the sheriffs did not commence the action.
III.
Having concluded that "delivery" under Rule 3.01(c) requires personal delivery and that facsimile transmission is not that, we *547 now consider whether Cox's action nevertheless was properly commenced. We consider this issue because the court of appeals concluded that "the district court lacked jurisdiction." Cox , 2017 WL 164428, at *3. Cox argues that this conclusion was erroneous because there were two separate times that her action could have commenced: (1) upon delivery to the sheriff, or (2) when the sheriffs actually served the insurers.[8]
"Whether service of process was effective, and personal jurisdiction therefore exists, is a question of law that we review de novo." Shamrock Dev., Inc. v. Smith , 754 N.W.2d 377, 382 (Minn. 2008). But we "must apply the facts as found by the district court unless those factual findings are clearly erroneous." Id.
Plainly, Cox did not commence her lawsuit under Rule 3.01(c), which requires delivery to the sheriff and actual service (or publication) within 60 days. Only then is the action deemed to have commenced as of the date of delivery to the sheriff. It follows, then, that the failure to personally deliver the summons and complaint to the sheriff necessarily means that the action did not commence under Rule 3.01(c).
By contrast, an action commences under Rule 3.01(a)"when the summons is served upon th[e] defendant." Under Rule 4.02, the sheriff "may make service of a summons." It follows that commencement under Rule 3.01(a) may occur regardless of how the sheriff came to possess the summons-whether by delivery, facsimile transmission, mail, or another method. Therefore, an action not properly commenced under Rule 3.01(c) can be saved by Rule 3.01(a).
In this case, the district court found that the insurers were personally served by the deputy sheriffs on January 14 and 19, thereby commencing Cox's action under Rule 3.01(a). The court of appeals thus erred when it concluded that the district court lacked jurisdiction.
Our conclusion may be cold comfort to Cox. Given that the district court determined that the statute of limitations expired on January 11, 2016, Cox still may not have a remedy. Regardless, the post-script must be written in the district court, to which we remand this case for further proceedings consistent with this opinion.
CONCLUSION
For the foregoing reasons, we affirm the court of appeals' decision in part, reverse in part, and remand to the district court.
Affirmed in part, reversed in part, and remanded.
Dissenting, Anderson, J., Gildea, C.J., Chutich, J.
DISSENT

Rule 3.01(c) provides as follows: "A civil action is commenced against each defendant ... when the summons is delivered to the sheriff in the county where the defendant resides for service; but such delivery shall be ineffectual unless within 60 days thereafter the summons is actually served on that defendant or the first publication thereof is made." Minn. R. Civ. P. 3.01(c).

A separate issue raised in the insurers' motion was whether the statute of limitations expired on January 9, 2016 (a Saturday), or January 11, 2016 (a Monday). The district court held that the statute of limitations period expired on January 11. This determination has not been appealed.

In quoting Black's Law Dictionary , the dissent overlooks the second half of this definition to conclude that it "does not necessitate the sender to physically hand the document to the recipient." But the second half of the definition does precisely that.

Presumably that is why our cases have historically mentioned personal delivery to the sheriff. See, e.g. , Bellows v. Ericson , 233 Minn. 320, 46 N.W.2d 654, 656 (1951) ("The original action ... was commenced ... by placing the summons and complaint in the hands of the Hennepin county sheriff...."); Thompson Yards, Inc. v. Standard Home Bldg. Co. , 161 Minn. 143, 201 N.W. 300, 301 (1924) ("The original summons, placed in the hands of the sheriff of Hennepin county ... was without defect....").

The invention of facsimile machines pre-dates our decision in Bond by more than 70 years. See Yuri R. Linetsky, Protection of "Innocent Lawbreakers": Striking the Right Balance in the Private Enforcement of the Anti "Junk Fax" Provisions of the Telephone Consumer Protection Act , 90 Neb. L. Rev. 70, 75 n.16 (2011) ("The world's first facsimile machine ... capable of transmitting text across an electrical wire-was patented ... in 1843. The first commercial fax system ... was set up in 1863.... As early as 1902 ... users [could] send and receive photographs. By 1906, this device was commercially available and widely used, especially in the newspaper industry." (citations omitted)).

The dissent argues that Kmart 's guidance is limited specifically to Rule 4.03(a), which requires the service of the summons to be "[u]pon an individual by delivering a copy to the individual personally or by leaving a copy at the individual's usual place of abode with some person of suitable age and discretion then residing therein." Minn. R. Civ. P. 4.03(a). The dissent reads "personally" to modify "delivering." Regardless how we interpret Rule 4.03(a), though, the Kmart holding applies to Rule 4 in its entirety. 711 N.W.2d at 490.

See, e.g. , Minn. R. Civ. P. 5.05 ; Minn. R. Civ. App. P. 125.01 ; Minn. R. Civ. App. P. 125.03 ; Minn. R. Crim. P. 33.04(a) ; Minn. R. Crim. P. 36.01 ; Minn. R. Crim. P. 36.03.

The insurers argue that Cox failed to preserve the issue of what impact, if any, the sheriffs' subsequent service had on the commencement of Cox's lawsuit. Cox contends that there was no opportunity to raise this issue because the court of appeals raised it sua sponte.
The court of appeals broadly concluded that "the district court lacked jurisdiction," although the question of whether the district court had personal jurisdiction in general-possibly from a source other than Rule 3.01(c) -was never raised. We have previously reviewed issues that the court of appeals raised sua sponte, and will do so here. See, e.g. , State v. Cottew , 746 N.W.2d 632, 639-40 (Minn. 2008).