Pastor David BACON, Patricia Hepner, Ruth Dold, Sharon Hvam, individually and as representative of a class of similarly situated persons, and on behalf of the Evangelical Lutheran Church in America Retirement Plan and the ELCA Retirement Plan for the Evangelical Lutheran Good Samaritan Society, Appellants, v. BOARD OF PENSIONS OF THE EVANGELICAL LUTHERAN CHURCH IN AMERICA d/b/a Portico Benefit Services, Respondent.
REYES, Judge *439 Appellants argue that their equitable claims for breach of trust, breach of fiduciary duty, and fraud and concealment against respondent retirement-plan trustee satisfy the requirements for certification as a mandatory class under Minn. R. Civ. P. 23.02(a)(1) and (2), even though they also seek monetary relief. Because the district court abused its discretion by denying appellants' motion for certification of a mandatory class, we reverse and remand.
FACTS
This appeal involves class certification in an action for breach of fiduciary duty, breach of trust, and fraud and concealment of these breaches in the management of two retirement plans (the plan). Respondent, the Board of Pensions of the Evangelical Lutheran Church in America, d/b/a Portico Benefit Services (Portico), manages retirement accounts for employees of the Evangelical Lutheran Church in America (the church) and employees of organizations affiliated with the church. The plan is a defined-contribution plan, and the participants' retirement benefits are determined by the performance of the investments in the plan. There are over 39,000 participants in the plan nationally. Portico manages over $4 billion in assets for the plan, which are held in a trust with Portico as the trustee. The plan states that fiduciaries "shall discharge [their] duties with respect to the Retirement Plan solely in the interests of [appellant] members."
The plan consists of two separate plans: The Evangelical Lutheran Church in America Retirement Plan (ELCA plan), and the ELCA Retirement Plan for Evangelical Lutheran Good Samaritan Society (GSS plan). The plan includes 20 different investment funds from which plan participants can pick and choose to invest. Portico designs, manages, and controls these funds. Portico charges two types of fees for management: investment fees and administrative fees. The investment fees are determined by varying assignments of basis points and are determined the same way for both plans. The administrative fees are different for each plan. For the ELCA plan, the administrative fees are calculated based on the percentage share of assets within each ELCA fund and can change based on fluctuating expenses and total assets. GSS fees consist of a flat basis-point fee and an annual account fee.
Appellant plan members Pastor David Bacon, Pastor Timothy Hepner, Ruth Dold, and Sharon Hvam (members) filed suit against Portico in March 2015. Members seek recovery of monetary losses to *440 the plan and seek equitable relief, such as removal of Portico as trustee, injunctive relief, restitution, accounting, and the creation of a constructive trust.
Portico moved to dismiss the action, and the district court granted the motion under the excessive-entanglement doctrine. This court reversed the district court's dismissal and remanded the case to the district court for further proceedings. Bacon v. Bd. of Pensions of Evangelical Lutheran Church in Am. , No. A15-1999, 2016 WL 3961960, at *1 (Minn. App. July 25, 2016), review denied (Minn. Oct. 18, 2016).
Following remand, members filed a motion for class certification under Minn. R. Civ. P. 23. The district court certified an opt-out class under Minn. R. Civ. P. 23.02(c) with respect to members' claims that Portico charged excessive fees (excessive-fees claims) and denied certification with respect to members' claims that Portico mismanaged funds (underperformance claims). The district court denied members' request to certify the class under Minn. R. Civ. P. 23.02(a) as a mandatory class for both claims. Members filed a petition for discretionary review, asking this court to review the district court's denial of certification under Minn. R. Civ. P. 23.02(a) with respect to the excessive-fees claim. This court granted discretionary review.
ISSUE
Did the district court abuse its discretion by denying class certification under Minn. R. Civ. P. 23.02(a) ?
ANALYSIS
Members argue that their excessive-fees claim satisfies both Minn. R. Civ. P. 23.02(a)(1) and (2) and that the class should be certified as a mandatory class under this rule. Members further contend that claims seeking monetary recovery and equitable relief for a trust can be certified under rule 23.02(a) and that the district court misinterpreted Wal-Mart Stores, Inc. v. Dukes , 564 U.S. 338, 131 S. Ct. 2541, 180 L.Ed.2d 374 (2011), to prohibit rule 23.02(a) certification in any case involving monetary relief. We agree.
We review a district court's decision to certify a class for an abuse of discretion. Whitaker v. 3M Co. , 764 N.W.2d 631, 635 (Minn. App. 2009), review denied (Minn. July 22, 2009). But we review questions involving the application of the rules of civil procedure de novo. Cox v. Mid-Minn. Mut. Ins. Co. , 909 N.W.2d 540, 543 (Minn. 2018). This is an issue of first impression in Minnesota. This court can look to federal precedent in interpreting rule 23 because of the substantial similarity between Minnesota's class-certification rule and the equivalent federal rule. Whitaker , 764 N.W.2d at 635.
For a class to be certified under rule 23.02(a), the action must first meet the prerequisites of rule 23.01: (1) the class is so numerous that joinder is impracticable; (2) there are questions of law or fact common to the class; (3) the class representative's claims are typical of the claims of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Minn. R. Civ. P. 23.01(a)-(d). The district court determined, and the parties do not dispute, that members' claim for excessive fees met the requirements of rule 23.01. We therefore turn to determining whether certification under rule 23.02(a) is appropriate.
Under rule 23.02(a), a class may be certified if the prosecution of separate actions would create the risk of:
Minn. R. Civ. P. 23.02(a)(1)-(2). Class certification under rule 23.02(a) does not require notice to individual class members. Forcier v. State Farm Mut. Auto. Ins. Co. , 310 N.W.2d 124, 129 (Minn. 1981). In addition, class membership is mandatory, and members are not permitted to opt out of the class. Id. The analogous federal provisions to rules 23.02(a)(1) and (2) are Fed. R. Civ. P. 23(b)(1)(A) and (B).
Under rule 23.02(c), certification is appropriate when common questions predominate over individual issues and the class action is superior to other available methods for fair and efficient adjudication of the controversy. Minn. R. Civ. P. 23.02(c). Unlike certification under rule 23.02(a), certification under rule 23.02(c) requires class members to receive notice and an opportunity to opt out of the class. See Dukes , 564 U.S. at 361, 131 S. Ct. at 2558 (discussing federal equivalent, Fed. R. Civ. P. 23(b)(3) ).
Dukes involved an expansive class certification of Wal-Mart employees alleging sex discrimination. 564 U.S. at 342, 131 S. Ct. at 2547, 2561. Class members alleged that their local managers discriminated against women employees by granting pay increases and promotions disproportionately in favor of men. Id. at 344, 131 S. Ct. at 2548. The Supreme Court addressed the issue of certification of the employees' backpay claims under federal rule 23(b)(2), the federal equivalent to rule 23.02(b). Id. at 360-61, 131 S. Ct. at 2557-58. Federal rule 23(b)(2) allows for class certification "when the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). The Supreme Court specifically held that federal rule 23(b)(2) does not permit certification "when each class member would be entitled to an individualized award of monetary damages." Dukes , 564 U.S. at 361, 131 S. Ct. at 2557. The Supreme Court then made a broad statement that "we think it clear that individualized monetary claims belong in Rule 23(b)(3)." Id. at 362, 131 S. Ct. at 2558. Rule 23(b)(3) is the federal counterpart to Minn. R. Civ. P. 23.02(c), under which the district court certified the class here. The district court relied on this proposition in Dukes , stating that appellant's claims were "individualized monetary claims" because relief would be paid to members' individual accounts, and therefore, that they belong in rule 23.02(c). But the federal counterpart to rule 23.02(a) was not at issue or even analyzed in Dukes , and the federal counterpart to rule 23.02(b) is not at issue here.
Prior to Dukes , federal courts certified actions similar to this one involving analogous breach-of-trust claims under the Employee Retirement Income Security Act (ERISA). The claims in this case are analogous to ERISA claims, but ERISA does not apply to "church plans." See 29 U.S.C. § 1003(b)(2). Like the plans at issue here, ERISA requires plan assets to be held in trust. 29 U.S.C. § 1103(a). The Supreme Court has stated that breach-of-trust actions are "classic examples" of claims that are appropriate for certification under federal rule 23(b)(1) (Minnesota rule 23.02(a)). Ortiz v. Fibreboard Corp. , 527 U.S. 815, 834, 119 S. Ct. 2295, 2309, 144 L.Ed.2d 715 (1999). In Jones v. NovaStar Fin. Inc. , 257 F.R.D. 181, 193 (W.D. Mo. 2009), the court *442 declined to adopt the argument that federal rule 23(b)(1) certification is unavailable for claims for monetary relief because that requirement is not present in the rule. "[G]iven the nature of an ERISA claim which authorizes plan-wide relief, there is a risk that failure to certify the class would leave future plaintiffs without relief." In re Ikon , 191 F.R.D. 457, 466 (E.D. Pa. 2000).
Portico urges us to hold that Dukes overruled the well-recognized application of federal rule 23(b)(1) as illustrated above. However, after Dukes , federal courts have continued to certify similar classes under this rule. In Krueger v. Ameriprise Fin., Inc. , on which members rely, the United States District Court for the District of Minnesota certified an ERISA action alleging breach of fiduciary duty against an employer's retirement-benefit plan under federal rule 23(b)(1)(A) and (B). 304 F.R.D. 559, 577-78 (D. Minn. 2014). Similar to here, the class in Krueger , which consisted of current and former participants in the benefit plan, alleged that the defendants breached their fiduciary duty to the benefit plan through excessive fees, imprudent selection and retention of investments, and disloyalty to the benefit plan. Id. at 571. The Krueger court rejected the argument that Dukes created a blanket prohibition on federal rule 23(b)(1) actions when monetary relief is sought, and it distinguished Dukes because that case did not involve or analyze federal rule 23(b)(1). Id. at 576. The court went on to hold that the risk of inconsistent adjudications and the risk of impaired abilities of class members to protect their interests made federal rule 23(b)(1) certification appropriate. Id. at 576-78.
Moreover, after Dukes , most federal courts addressing the issue have certified classes similar to the class in this case under the federal counterpart to rule 23.02(a). See , e.g., Leber v. Citigroup 401(k) Plan Inv. Comm. , 323 F.R.D. 145, 165 (S.D.N.Y. 2017) (certifying similar ERISA breach-of-fiduciary-duty claim under federal rule 23(b)(1)(B) and noting that "[m]ost courts that have certified ERISA class actions alleging breaches of fiduciary duties have done so under Rule 23(b)(1)(B)"); Clark v. Duke Univ. , No. 1:16-CV-1044, 2018 WL 1801946, at *9 (M.D.N.C. Apr. 13, 2018) (certifying similar breach-of-fiduciary-duty claim under federal rule 23(b)(1)(A) and (B) ); Kindle v. Dejana , 315 F.R.D. 7, 13 (E.D.N.Y. 2016) (same).[1]
The district court certified the class under Minn. R. Civ. P. 23.02(c), relying on Dukes . It characterized members' claims as individualized monetary claims because any relief would be payable into members' individual accounts. As a result, the district court stated that it "declines to hold that the action is maintainable under Minnesota's parallel Rule 23.02(a)" based on Dukes .
Here, members seek to recover losses to the plan assets as a result of Portico's breach of fiduciary duty that it owed to the plan as a whole. Because these are not individualized claims for monetary relief, Dukes is not controlling. See Jones , 257 F.R.D. at 194 ("questions concerning whether the fiduciaries breached their duties to the plan are not individual"). Moreover, Dukes did not even address the rule at issue in this case. It addressed federal rule 23(b)(2), not federal *443 rule 23(b)(1). The Dukes court simply made a broad statement regarding class certification of individualized monetary claims with respect to federal rule 23(b)(2) claims. Therefore, we hold that a class action may be certified as a mandatory class under rule 23.02(a) when the class seeks monetary recovery and equitable relief on behalf of a retirement plan, rather than on behalf of individual participants, for excessive fees charged by the plan's trustee.
In the class-certification context, a district court abuses its discretion if it adopts an incorrect legal rule or misapplies the rule 23 factors. Whitaker , 764 N.W.2d at 636. However, because members' claims involve both equitable and monetary relief sought on behalf of the plan as a whole, Dukes is not dispositive here. And when a class is eligible for certification under rules 23.02(a) and (c), rule 23.02(a) controls. See Leber , 323 F.R.D. at 165 (applying federal counterparts to rules 23.02(a) and (c) ). The district court therefore abused its discretion. We reverse and remand for the district court to certify the class under rule 23.02(a).
DECISION
A class action may be certified under Minn. R. Civ. P. 23.02(a) when the class seeks both equitable and monetary recovery on behalf of a retirement plan for excessive fees charged by the plan's trustee. Because members seek monetary and equitable relief on behalf of the plan as a whole, rather than asserting individualized monetary claims, the district court abused its discretion in denying rule 23.02(a) certification by relying on Dukes.
Reversed and remanded.
Nonetheless, some courts have declined to certify similar classes under federal rule 23(b)(1). See, e.g., In re First Am. Corp. ERISA Litig. , 258 F.R.D. 610, 620-21 (C.D. Cal. 2009) (denying certification of ERISA claims under federal rule 23(b)(1)(A) and (B) because plaintiffs sought primarily monetary damages); Carr v. Int'l Game Tech. , 2012 WL 909437, at *8 (D. Nev. Mar. 16, 2012) (same). We do not find the reasoning in these cases persuasive.