SMITH, TRACY M., Judge
In these consolidated appeals, appellant-landlord appeals from (1) the housing court's orders granting respondent-tenant's motions for expungement of two eviction-case court files and (2) the district court's order in each case denying review *345 of the expungement order on the ground that landlord had defaulted on its request for review by not obtaining a transcript of the hearing before the referee. Because we conclude that the district court erred in finding default based on failure to obtain a transcript, and in denying review of the expungement orders on that basis, we remand to the district court to reinstate the requests for review.[1]
FACTS
In 2010, respondent-tenant H.E. leased an apartment from appellant-landord Sela Investments Ltd., LLP. Over the course of that year, Sela brought two eviction actions against H.E. Both actions were settled, and H.E. moved out of the apartment.
Two years later, H.E. filed two motions for expungement of an eviction record, one for each eviction action, in the housing-court division of Hennepin County District Court. Sela opposed the motions. A housing-court referee held a hearing, concluded that H.E. had "failed to prove that expungement is warranted under Minn. Stat. § 484.014," and recommended orders dismissing H.E.'s motions "with prejudice." A district court judge countersigned the referee's recommended orders. H.E. did not appeal.
In September of 2016, H.E. again filed two motions for expungement of an eviction record, asking the housing court to expunge the same records, this time under the court's inherent authority rather than the statutory expungement provision. The motions were served on Sela in October. Sela did not file any responsive documents. The hearing was set for January 24, 2017.
On January 18, a housing-court referee, upon review of the file and without a hearing, deemed the motions unopposed under Minn. R. Gen. Pract. 115.06 and recommended orders granting the motions without a hearing. The following day, January 19, a district court judge countersigned the referee's recommended orders.
On January 24, the scheduled hearing date, Sela appeared in housing court to object to the motions. The same referee agreed with Sela that he had erred in deeming the motions unopposed, but he nevertheless recommended that the expungement motions be granted on the merits. A district court judge countersigned the referee's recommended orders, which were filed the following day, January 25.
First Requests for Review
On January 30, Sela filed timely requests for district court review of the January 25 orders granting expungement (the first requests for review). Sela contended that the court erred in considering the expungement petition after a previous request was denied with prejudice. In its filings, Sela indicated that "[n]o transcript is necessary for review of the issues raised.... To the extent that a transcript might be necessary, [Sela] requests that said decision be made by the District Court Judge to whom this review is assigned. [Sela] requests oral argument before the District Court."
On February 1, without a hearing, a second housing-court referee recommended orders stating, "[Sela] DOES NOT request a hearing; no hearing is scheduled," and requiring Sela to order transcripts of the "hearing(s) of January 19, 2017 and January 25, 2017" or "the review shall be dismissed."[2] A district *346 court judge countersigned the recommended orders that same day.
On February 2, Sela filed a "supplemental notice of request for review of the referee's decisions," indicating that (1) contrary to the February 1 orders, Sela had requested a hearing before the reviewing judge, (2) a transcript was not necessary because the requests for review are "based upon legal grounds" that the reviewing judge would determine de novo, and (3) Sela had requested that the reviewing judge, not a housing-court referee, determine whether a transcript is necessary. Apparently, a hearing was then scheduled for February 23.
Sela did not obtain any transcripts. On February 9, without a hearing, a third housing-court referee recommended orders canceling the district court review hearing. The recommended orders noted that Sela had failed to order transcripts of the "hearing(s) of January 19, 2017, and January 25, 2017." The recommended orders also noted that "[a] Rule 611 review 'shall be based upon the record established before the referee ' (emphasis added). See Minn. Gen. R. Prac. 611(a)." A district court judge countersigned the recommended orders that same day, February 9.
Second Requests for Review
On February 20, Sela filed timely (second) requests for district court review of the February 9 orders dismissing the first requests for review. In the second requests for review, Sela argued that the February 9 orders were erroneous because (1) there was no January 19 hearing so there was no transcript to obtain, (2) rule 611(c) authorized a reviewing judge to extend the deadline to obtain a transcript of the January 24 hearing upon a showing of good cause and Sela had not been given the opportunity to ask a reviewing judge to extend the deadline, and (3) good cause existed to not require a transcript because the issues could be decided on legal grounds for which no transcripts were necessary. Sela requested oral argument before an assigned reviewing judge.
On May 31, the district court, without a hearing, filed an identical order in each case denying the second requests for review on the basis that Sela was "in default."
Sela appealed in both cases, challenging the orders described above. We consolidated the two appeals and construed the appeals as taken from the January 25 expungement orders and the May 31 orders dismissing the second requests for review on the basis of default.
ISSUE
Does a party's failure to obtain a transcript within the time period prescribed in Minn. R. Gen. Pract. 611(c) constitute a default within the meaning of Minn. R. Gen. Pract. 611(a) ?
ANALYSIS
Sela argues the district court erred in its May 31 orders by dismissing the second requests for review on the basis that Sela was in default under Minn. R. Gen. Pract. 611(a) for failing to obtain a transcript. Sela asserts: as a matter of law Minn. R. Gen. Pract. 611(c) does not require a party requesting review to obtain a transcript in all instances as a condition of obtaining a review; these cases present a situation in which a transcript is not necessary because they present pure questions of law; and the district court therefore abused its discretion in concluding that Sela's failure to obtain a transcript constituted a default. The resolution of this case turns on the interpretation of the statute governing the housing court, as well as the rules of general practice, both of which appellate courts interpret de novo. See *347 Poehler v. Cincinnati Ins. Co. , 899 N.W.2d 135, 139 (Minn. 2017) (interpreting another Minnesota statute); Gams v. Houghton , 884 N.W.2d 611, 616 (Minn. 2016) (interpreting a Minnesota rule of civil procedure).
Minn. Stat. § 484.013, subd. 1 (2016), establishes the Hennepin County housing-calendar program, also known as housing court. The statute provides that a party may seek a judge's review of a housing-court referee's decision by filing a timely notice of review:
Review of a recommended order or finding of the referee by a district court judge may be had by notice served and filed within ten days of effective notice of the recommended order or finding. The notice of review must specify the grounds for the review and the specific provisions of the recommended findings or orders disputed, and the district court judge, upon receipt of the notice of review, shall set a time and place for the review hearing.
Minn. Stat. § 484.013, subd. 6 (2016). Minn. R. Gen. Pract. 611 establishes procedural rules regarding such reviews:
(a) Notice. ... [A] party not in default may seek review by a judge of a decision or sentence recommended by the referee by serving and filing a notice of review....
A judge's review of a decision recommended by the referee shall be based upon the record established before the referee. Upon the request of any party, a hearing shall be scheduled before the reviewing judge.
....
(c) Transcripts. The petitioner must obtain a transcript from the referee's court reporter....
Any transcript request by the petitioner must be made within one day of the date the notice of review is filed. The transcript must be provided within five business days after its purchase by the petitioner.
For good cause the reviewing judge may extend any of the time periods described in this Rule 611(c).
In this case, Sela "served and filed within ten days of effective notice of the recommended order or finding" a notice of its intent to seek review of the January 25 expungement orders. See Minn. Stat. § 484.013, subd. 6. That notice "specif[ied] the grounds for the review and the specific provisions of the recommended findings or orders disputed." See id. Thus, there is no question that Sela complied with the statutory requirements for obtaining a district court review.
The more difficult question is whether Sela complied with Minn. R. Gen. Pract. 611. When interpreting a procedural rule, courts look first to the plain language of the rule. Walsh v. U.S. Bank, N.A. , 851 N.W.2d 598, 600 (Minn. 2014). Courts "may also consider a rule's purpose, history, and procedural context." Cox v. Mid-Minn. Mut. Ins. Co. , 909 N.W.2d 540, 544, No. A16-0712, 2018 WL 522831 (Minn. Jan. 24, 2018) (citation omitted) (quotation omitted) (interpreting the Minnesota Rules of Civil Procedure). Courts "read the rules in light of one another." Id. (quotation omitted).
H.E. argues, and the district court concluded, that rule 611(c) required Sela to obtain a transcript and that failure to do so constituted default, warranting dismissal of the review under rule 611(a).[3] In support of this conclusion, H.E. points to the first sentence of rule 611(c) : "The petitioner *348 must obtain a transcript from the referee's court reporter." The mandatory term "must," H.E. argues, leaves no ambiguity as to whether a transcript is required. And, he argues, because rule 611(a) provides that district court review shall be "based upon the record established before the referee," a transcript is always required as a condition of review.
Reading the language of rules 611(a) and 611(c) in light of each other, and taking into account the procedural context of the rule, however, we conclude otherwise. Rule 611(a) provides that "a party not in default" may seek review by filing a timely notice of review. It further provides that "[u]pon the request of any party, a hearing shall be scheduled before the reviewing judge." (Emphasis added.) Paragraph (a) does not identify a transcript as a condition of receiving a hearing, nor does it identify the failure to obtain a transcript as a default. And, while rule 611(c) states that "[t]he petitioner must obtain a transcript from the referee's court reporter," we conclude that this sentence mandates not that a transcript always be obtained but that the source of any transcript be the official court reporter.
The reading that obtaining a transcript is not a condition of review under rule 611(a) is buttressed by the second paragraph in rule 611(c), which begins, "Any transcript request by the petitioner must be made within one day of the date the notice of review is filed." Minn. R. Gen. Pract. 611(c). The use of the word "any" as a modifier of "transcript request" suggests that, in some instances, transcript requests may not occur. But if there are to be some such instances, then it must be the case that a transcript request is not required in all instances. This language and the context indicate that rule 611 as a whole contemplates requests for review being heard by the district court, even if the petitioner has not obtained a transcript.
The purposes underlying the creation of the housing court further support this reading. The housing court was "established to provide expedited relief." Bass v. Equity Residential Holdings, LLC , 849 N.W.2d 87, 91 (Minn. App. 2014) (quotation omitted). It has also been recognized that, at the time of its creation, "legislators presumed that the unified system would provide greater uniformity, efficiency, and justice." Robin Powers Kinning, Selective Housing Code Enforcement and Low-Income Housing Policy: Minneapolis Case Study , 21 Fordham Urb. L.J. 159, 173 (1993). Two of these goals-efficiency and expedited review-are particularly relevant here. Requiring a party seeking review of a referee's recommendation to obtain a transcript in every case imposes an unnecessary burden on litigants, both landlords and tenants, particularly when, as Sela argues is the case here, the request for review is premised wholly on a question of law. Similarly, in such cases, requiring the additional step of obtaining a transcript would serve only to slow the review process.
We find less guidance in the history of Minn. R. Gen. Pract. 611(c). Rule 611(c) was promulgated in 1991 as part of the broader promulgation of the rules of general practice, which superseded most preexisting local district court rules. Order Promulgating Minnesota General Rules of Practice for the District Courts , No. CX-89-1863 (Minn. Sept. 5, 1991). However, Title VII of those rules, which addresses housing court, was not the first set of rules regarding housing court. Rather, in 1990 the Fourth Judicial District, which encompasses Hennepin County, promulgated special rules of practice for its pilot housing-court program. Spec. R. Pract., Fourth Jud. Dist. 18.01-.04 (1991). These *349 special rules of practice were the basis for, and were superseded by, Title VII of the General Rules of Practice. See Minn. R. Gen. Pract. 601 task force cmt.[4] As relevant to this case, the superseded special rule 18.04 indicated, "If the petitioner challenges a finding of fact or evidentiary ruling , the petitioner must obtain a transcript from the referee's court reporter." Spec. R. Pract., Fourth Jud. Dist. 18.04 (emphasis added). Notably, that rule did not require a transcript in all instances. Instead, it required a transcript only if "a finding of fact or evidentiary ruling" was being challenged. On the one hand, the prior special rule could suggest that the general rule that replaced it had the same intended meaning, especially because there are no task-force comments discussing any intended change. See Molde v. CitiMortgage, Inc. , 781 N.W.2d 36, 40-43 (Minn. App. 2010) (noting that change in statutory phrasing brought about by recodification did not indicate a change in meaning); see also United States v. Rodgers , 461 U.S. 677, 708, 103 S.Ct. 2132, 2150, 76 L.Ed.2d 236 (1983) (noting that when a statute's language is changed "without comment or explanation," the change is not intended to change the statute's meaning). On the other hand, the language did change, which could suggest an intended change in meaning. See J.L. Manta, Inc. v. Braun , 393 N.W.2d 490, 494 (Minn. 1986) ("[A] change in the language of the statute is usually presumed to effect a change in meaning....").
Although the history is not dispositive, taking the language, procedural context, and purpose of Minn. R. Gen. Pract. 611 together, we conclude that the rule does not require a party seeking review of a housing-court referee's recommendation to obtain a transcript as a condition of obtaining review. Thus, the district court erred by concluding that Sela was in default for failing to do so.
We hasten to add, however, that rule 611(a) makes clear that the judge's review "shall be based upon the record established before the referee." A reviewing judge may determine that the scope of the review is limited to issues that can be determined by reference to the available record. Cf. Duluth Herald & News Tribune v. Plymouth Optical Co. , 286 Minn. 495, 498, 176 N.W.2d 552, 555 (1970) (refusing to dismiss appeal for failure to obtain a transcript, but limiting review to conclusions of law); In re Marriage of Bender , 671 N.W.2d 602, 605 (Minn. App. 2003) ("While the lack of a transcript does not automatically require dismissal of an entire appeal, lack of a transcript does limit the scope of appellate review to whether the district court's conclusions of law are supported by its findings of fact."). A party seeking district court review thus decides not to obtain a transcript at the party's own peril because the scope of review may be limited, particularly when the issues are not well established by written filings. Also, while the reviewing court may give the party additional time to obtain a transcript, it is not required to do so. See Minn. R. Gen. Pract. 611(c) ("For good cause the reviewing judge may extend any of the time periods described in this Rule 611(c).").
DECISION
The district court erred in holding that Sela defaulted on its requests for review *350 by failing to obtain a transcript because Minn. R. Gen. Pract. 611 does not make obtaining a transcript a condition of obtaining review. We therefore reverse and remand to the district court to reinstate the requests for review of the expungement orders.
Reversed and remanded.

Because we remand for district court review, we do not address the merits of the expungement orders.

We note that, contrary to this recommended order, the only hearing that took place was on January 24.

The district court did not cite rule 611(c), but it did state that Sela had failed to order a transcript "as required by law," apparently referring to rule 611(c).

We note that the task force comment states that the housing-court rules in the rules of general practice were based on "4th Dist. R. 13 and the Housing Court Temporary Rules, Rule 17." This appears to be a typographical error on the part of the task force, as Spec. R. Pract., Fourth Jud. Dist. 17 was entitled "Attorney Fees in Actions Involving Minors," and Spec. R. Pract., Fourth Jud. Dist. 18 was entitled "Housing Calendar Project Temporary Rule."